**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Virginia
_(State)_

Case number _(if known)_: _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, _Instructions for Bankruptcy Forms for Non-Individuals_, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | **Le Tote, Inc.** |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and _doing business as_ names | **Strapless Inc.** |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **45-5163722** |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **250 Vesey Street, 22nd Floor** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **New York, New York 10281** | |
| City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **New York County** | |
| County | Number          Street |
| | |
| | City          State     Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | www.letote.com |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor        Le Tote, Inc.                                                    Case number *(if known)* _____
              Name

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5322 - Consumer Goods Rental**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.    District _____    When _____    Case number _____
                                              MM/DD/YYYY

          District _____    When _____    Case number _____
                                              MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a**

☐ No
☒ Yes.    Debtor    **See Rider 1**              Relationship    **Affiliate**

| Debtor | Le Tote, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| **business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | District | **Eastern District of Virginia** | When | 08/02/2020 |
|---|---|---|---|---|
| | Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

_____
Number        Street

_____
City                    State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____

Contact name    _____

Phone    _____

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

[1]    The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Debtor   Le Tote, Inc.
     Name

                                  Case number *(if known)*

**15. Estimated assets**

| | |
|---|---|
| ☐ $0–$50,000 | ☐ $1,000,001–$10 million |
| ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million |
| ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million |
| ☐ $500,001–$1 million | ☒ $100,000,001–$500 million |

☐ $500,000,001–$1 billion
☐ $1,000,000,001–$10 billion
☐ $10,000,000,001–$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

| | |
|---|---|
| ☐ $0–$50,000 | ☐ $1,000,001–$10 million |
| ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million |
| ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million |
| ☐ $500,001–$1 million | ☒ $100,000,001–$500 million |

☐ $500,000,001–$1 billion
☐ $1,000,000,001–$10 billion
☐ $10,000,000,001–$50 billion
☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/02/2020
                 MM/ DD / YYYY

**✗**   /s/                                     **Ed Kremer**
     Signature of authorized representative of debtor      Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

**✗**   */s/ Michael A. Condyles*            Date   **08/02/2020**
     Signature of attorney for debtor                 MM/DD/YYYY

**Michael A. Condyles**
Printed name

**Kutak Rock LLP**
Firm name

**901 East Byrd Street, Suite 1000**
Number            Street

**Richmond**                   **Virginia**     **23219-4071**
City                           State      ZIP Code

**(804) 644-1700**               **michael.condyles@kutakrock.com**
Contact phone                    Email address

**27807**                       **Virginia**
Bar number                 State

Doc ID: 11d4380b18f8da21f862de95ed71fee862ecbea2

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Virginia
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Eastern District of Virginia for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Le Tote, Inc.

- Le Tote, Inc.
- French Tote LLC
- Le Tote, LLC
- Lord & Taylor LLC
- LT Card Company LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LE TOTE, INC., | ) | Case No. 20-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage Held |
|---|---|---|---|
| Le Tote, Inc. | 2014 Kwatinetz Family Trust | 68 Mulberry Lane, Atherton, CA 94027 | <1% |
|  | 500 Startups | Unknown | <1% |
|  | 500 Startups II L.P. | 814 Mission Street, 6th Floor San Francisco, CA 94103 | <1% |
|  | a16z Seed-III, LLC | 11 Madison Avenue, 15th Floor, New York, NY, 10010 | <1% |
|  | Accelerate FC Fund II LLC | 66 Ardmore Road, Larkspur, CA 94939 | <1% |
|  | Accelerate FC Fund III LLC | 2325 3rd St., Suite 434, San Francisco, CA 94107 | <1% |
|  | Accelerate FC Fund V LLC | 2325 3rd St., Suite 434, San Francisco, CA 94107 | <1% |
|  | Accelerate-IT Ventures Fund I, LP | 1268 Prospect Street, La Jolla, CA 92037 | 5.63% |
|  | AG 2003 Trust U/A/D 10/20/03 | Unknown | <1% |
|  | AITV Fashion, LP | Attn:  Brent Granado, 325 Pacific Avenue, San Francisco, CA 94111 | 2.63% |
|  | Amy Ard | 3130 20th Street Suite 225, San Francisco, CA 94110 | <1% |
|  | Anand Swaminathan | 98 Rockaway Ave, San Francisco, CA 94127-1030 | <1% |
|  | AngelList-Tote-Fund, a Series of AngelList-500-Funds, LLC | 2795 E Cottonwood Pkwy #610, Salt Lake City, UT 84121 | <1% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.

| | | |
|---|---|---|
| Arsenal Venture Partners II, L.P. | 750 S Orlando Ave, Ste 200, Winter Park, FL 32789 | 2.81% |
| Arsenal Venture Partners IIA, L.P. | 750 S Orlando Ave, Ste 200, Winter Park, FL 32789 | <1% |
| Azure Capital Partners III, L.P. | 1050 Battery Street Suite 100, San Francisco, CA 94111 | 6.36% |
| Azure Entrepreneurs III, L.P. | 1050 Battery Street Suite 100, San Francisco, CA 94111 | 1.42% |
| BA-G1 S.C.A. | 412F Route d'EschL-1471 Luxembourg (Lëtzebuerg) | 3.04% |
| Basset Investment Group LLC | 89 Summit Ave, 2nd Floor, Summit, NY 07901 | <1% |
| Brett Northart | 710 Clayton Street, Apt 4, San Francisco, CA 94117 | 6.70% |
| Capital Partnership (MLB), L.P. | 7026 Old Katy Road, Suite 274, Houston, TX 77024 | <1% |
| Catherine P. Loevner and Simon Hallett, Trustees of the David R. Loevner Irrevocable Trust UAD 7/9/2014 | Unknown | <1% |
| Charles Smith | 260 15th St., Brooklyn, NY 11215 | <1% |
| Charlie Bowman | c/o Le Tote, Inc. 3130 20th St. Ste., 225 San Francisco, CA 94110 | <1% |
| Cindy Hancock | 145 Pleasant View Drive, Pleasant Hill, CA 94523 | <1% |
| Colin Barceloux | Unknown | <1% |
| Crimson Drive, LLC | 1 Bridge Plaza N, Suite 550, Fort Lee, NJ 07024 | <1% |
| Dan Hoffer | Unknown | <1% |
| Danielle Morrill | Unknown | <1% |
| David Loevner | PO Box 285, Wilson, WY 83014 | <1% |
| Dev X, LLC | 16 West 22nd Street, 6th Floor, New York, NY 10010 | <1% |
| Erik Karl Witte | 66 Ardmore Road, Larkspur, CA 94939 | <1% |
| Excellent Classical Limited | Unknown | 4.86% |
| Fazal Rehmani | Unknown | <1% |

| | | |
|---|---|---|
| FiftySix Investments LLC | 56 Granada Court, Portola Valley, CA 94028 | <1% |
| Fish Creek Fiduciary Management, Inc., Trustee of the David R. Loevner Irrevocable Trust UAD 7/9/2014 | Unknown | <1% |
| Frederick R Wilson 1999 Irrevocable Trust | 397 West 12th,  New York, NY 10014 | <1% |
| FundersClub 99P LLC | 2325 3rd St., Suite 434, San Francisco, CA 94107 | <1% |
| FundersClub DC3 LLC | 2325 3rd St., Suite 434, San Francisco, CA 94107 | <1% |
| FundersClub HGE LLC | 2325 3rd St., Suite 434, San Francisco, CA 94107 | <1% |
| GC Innovation II, LLC | 20 University Road, Suite 450, Cambridge, MA 02138 | <1% |
| GV 2013, L.P. | 1600 Amphitheatre Parkway Mountain View, CA 94043 | <1% |
| Hammer Projects Ltd. | Unknown | <1% |
| HBC US Propco Holdings LLC | 225 Liberty Street, 31st Floor, New York, NY 10281 | 27.64% |
| Hetal K. Shah, Trustee of The Hetal K. Shah 2016 Grantor Retained Annuity Trust – I | 2 Rousseau Street, San Francisco, CA 94112 | <1% |
| Hina Rehmani | 3380 Markridge Road, Sarasota, FL 34231 | <1% |
| Hugh O'Reilly | 1692 Massachusetts Avenue, Cambridge, MA 02138 | <1% |
| Hydrazine Capital, L.P. | 200 Brannan St., San Francisco, CA 94107 | <1% |
| J. Front Retailing Co., Ltd. | Yanmar Tokyo-Bldg., 2-1-1 Yaesu, Chuo-ku, Tokyo, Japan | <1% |
| Joseph Combs | 616 St Paul Ave., Los Angeles, CA 90017 | <1% |
| Joseph Ryan Darnell | Unknown | <1% |
| Julia Cheung | Unknown | <1% |
| Keld LLC | 717 University Avenue, Boulder, CO 80302 | <1% |

| | | |
|---|---|---|
| Kingsway America Inc. | 150 Pierce Rd, 6th Floor, Itasca, Illinois 60143 | <1% |
| KIP Ace Fund (17) | 517 Yeongdong-daero 10F Asem Tower  Gangnam-gu Seoul, 06164, Republic of Korea | <1% |
| KIP Core Competency Leverage Fund | 517 Yeongdong-daero 10F Asem Tower  Gangnam-gu Seoul, 06164, Republic of Korea | 1.46% |
| KIP Venture No. 15-3 Fund | 517 Yeongdong-daero 10F Asem Tower  Gangnam-gu Seoul, 06164, Republic of Korea | <1% |
| KIP Venture No. 15-4 Fund | 517 Yeongdong-daero 10F Asem Tower  Gangnam-gu Seoul, 06164, Republic of Korea | <1% |
| Kirk Loevner | 2100 Scott Street, San Francisco, CA 94115 | <1% |
| Kristen Benner | 429 Cabrillo Street #1, San Francisco CA 94110 | <1% |
| Lauren Miller | 3044 Pine St., San Francisco, CA 94115 | <1% |
| Lerer July 2013 III, LP | 560 Broadway, Suite 308, New York, NY 10012 | 1.40% |
| Lerer July 2013 III-A, LLC | 560 Broadway, Suite 308, New York, NY 10012 | <1% |
| Lerer July 2013 III-B, LP | 560 Broadway, Suite 308, New York, NY 10012 | <1% |
| Lerer Ventures III, LP | 560 Broadway, Suite 308, New York, NY 10012 | <1% |
| Lerer Ventures III-A, LLC | 560 Broadway, Suite 308, New York, NY 10012 | <1% |
| Lerer Ventures III-B, LP | 560 Broadway, Suite 308, New York, NY 10012 | <1% |
| Maverick YC, Ltd. | c/o Maverick Capital, Ltd 1900 N. Pearl Street, 20th Floor, Dallas, TX 75201 | <1% |
| McNamara Family Trust U/A DTD 06/02/2005 | 740 Stanford Avenue, Menlo Park, CA 94025 | <1% |
| Melanie Wong | Unknown | <1% |
| Murray's Partners, Ltd. | c/o Loevner, PO Box 285 Wilson, WY 83014-0285 | <1% |

| | | |
|---|---|---|
| Nancy Pierce | 717 University Avenue Boulder, CO 80302 | <1% |
| Naples Ventures, LLC | 8477 Bay Colony Dr., Naples, FL 34108 | 1.10% |
| Nathaniel Justin Kan | 11 Haight St #9, San Francisco, CA 94102 | <1% |
| NextEquity Partners, LLC | 3000 Sand Hill Road, Suite 4-140 Menlo Park, CA 94025 | <1% |
| Nicole Reina | c/o Le Tote, Inc., 3130 20th St, Ste 225, San Francisco, CA 94110 | <1% |
| Paul Buchheit | 1540 Hillview Dr., Los Altos, CA 94024 | <1% |
| Paul Pettengill | Unknown | <1% |
| Philip Yuen | Unknown | <1% |
| Philippe Suchet | 425 Connecticut Street, San Francisco, CA 94107 | <1% |
| Rakesh Tondon | 2 Rousseau Street, San Francisco, CA 94112 | 5.98% |
| Rakesh Tondon and Hetal K. Shah, Trustees, The Rakesh Tondon and Hetal K. Shah Revocable Trust | 2 Rousseau Street, San Francisco, CA 94112 | <1% |
| Rakesh Tondon, Trustee of The Rakesh Tondon 2016 Grantor Retained Annuity Trust – I | 2 Rousseau Street, San Francisco, CA 94112 | <1% |
| Ralston Family Trust | 20 Keans Ave Sorrento Perth AU-QLD AU 6020 | <1% |
| Robert John Austin | Unknown | <1% |
| Sanjit Fernandes Bakshi | 304, 601 Kingston Road, Toronto, Ontario, Canada M4E1R3 | <1% |
| Sarah Crocker | Unknown | <1% |
| Scott Borrero | 138 Jasper Hill Ct., San Ramon, CA 94582 | <1% |
| Scrum Ventures Fund, LP | 717 Market St. Suite 100, San Francisco, CA 94103 | <1% |
| Sherpa Ventures Fund, LP | 555 Mission Street, Suite 1850 San Francisco, CA 94105 | <1% |

| | | |
|---|---|---|
| Shirley Wu | 5434A Fulton Street, San Francisco, CA 94121 | <1% |
| SPG Le Tote, LLC | 225 West Washington Street, Indianapolis, Indiana 46204 | 3.03% |
| Start Fund 2 LLC | Tulloch & Co., 4 Hill Street, London W1J 5NE | <1% |
| Suman Bhattacharya | Unknown | <1% |
| Sway Ventures Fashion II, LP | 325 Pacific Avenue, Suite 1, San Francisco, CA 94111 | 3.72% |
| Target Chrome Ltd | Unknown | <1% |
| The AG 2003 Trust | Unknown | <1% |
| The Estate of Daniel David Fiszman | KENDRIS Ltd Wengistrasse 1 8021 Zurich Switzerland | <1% |
| The Sea Fund LLC | 810 7th Ave 7th Fl., New York, NY 10019 | <1% |
| Tikhon Bernstam | 144 Pacchetti Way, Mountain View, CA 94040 | <1% |
| TMT Investments PLC | Queensway House, Hilgrove Street, St Helier, Jersey JE1 1ES | <1% |
| Vijay Khare | Unknown | <1% |
| Vishnu Nath | 8514 NE 123rd Place, Kirkland, WA 98034 | <1% |
| Y Combinator S2013, LLC | 51 Little Falls Drive, Wilmington, New Castle, DE 19808 | 1.33% |
| Yang Wen | Unknown | <1% |
| Zions SBIC, LLC | One South Main Street, Salt Lake City, UT 84133 | 3.15% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LE TOTE, INC., | ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| HBC US Propco Holdings LLC | 27.64% |

| Fill in this information to identify the case: |
| --- |
| Debtor name       Le Tote, Inc., *et al.* |
| United States Bankruptcy Court for the:       Eastern       District of       Virginia |
| Case number *(If known):* _____       (State) |

☐  Check if this is an
amended filing

# Official Form 204

Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest
Unsecured Claims and Are Not Insiders                                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor
disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by
secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30
largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LIQUIDITY CAPITAL II L.P. 30 SHESHET HAYAMIM ST. BNEI BRAK,  ISRAEL 5120261 | UDI GVIRTS 972-54-675-7723 UDI@LIQUIDITY-CAPITAL.COM | Bank Debt | | | | $8,518,021.57 |
| 2 | G III LEATHER FASHIONS INC 512 SEVENTH AVENUE NEW YORK, NY 10018 | Michelle Thiel 732-230-4847 michelle.thiel@g-iii.com | Trade Payable | | | | $4,706,069.28 |
| 3 | POLO RALPH LAUREN CLOTHING P.O. BOX 4732 CHURCH STREET STATION NEW YORK, NY 10249 | Edwin Breig (888) 674-8528 x5784 ebreig@ralphlauren-ar.com | Trade Payable | | | | $3,533,551.69 |
| 4 | MICHAEL KORS LLC 11 W.42ND STREET NEW YORK, NY 10036 | Mandy Yee 201.453.5058 mandy.yee@michaelkors.com | Trade Payable | | | | $2,119,299.68 |
| 5 | CRITEO CORP 100 Avenue of the Americas 5th Floor New York, NY 10013 | Ryan Damon contact@criteo.com 1-646-410-0400, | Trade Payable | | | | $1,323,415.76 |
| 6 | L'OREAL LANCOME P.O. BOX 751027 CHARLOTTE, NC 28275 | Bruno Alyssa 732-951-4416 alyssa.bruno@loreal.com | Trade Payable | | | | $1,167,411.17 |
| 7 | 360I LLC JP MORGAN CHASE-LOCKBOX 4 Chase Metrotech 7th Flr E Brooklyn, NY 11245 | Karla Figueroa +1 (212) 655 9895 x4 kyfigueroa@sbgtv.com | Trade Payable | | | | $1,146,632.34 |
| 8 | Facebook, Inc. 15161 Collections Center Drive Chicago, IL 60693 | Maria Gonzales (512) 516-6101 mtgonzales@fb.com | Trade Payable | | | | $1,047,293.35 |

| Debtor | Le Tote, Inc., _et al._ | Case Number (if known) | |
|--------|-------------------------|------------------------|--|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 XCEL-CT MFG LLC 1333 BROADWAY 10TH FLOOR NEW YORK, NY 10018 | Karen Siew 347-729-7801 KSiew@xcelbrands.com | Trade Payable | | | | $1,043,099.73 |
| 10 XSCAPE EVENINGS LTD 1412 BROADWAY SUITE 1406 NEW YORK, NY 10018 | Vittoria Peralta 212-302-3750 vittoriaperalta@bbxco.com | Trade Payable | | | | $1,040,607.19 |
| 11 RALPH LAUREN CHILDRENWEAR P.O. BOX 1742 CUMBERLAND, MD 21502 | Ariel Shiffer 1-888-674-8528 ashiffer@ralphlauren-ar.com | Trade Payable | | | | $960,492.43 |
| 12 Alvarez & Marsal Private Equity Performance Improvement Group, LLC 600 Madison Avenue 8th Floor New York, NY 10022 | Scott Coleman (212) 759-4433 scoleman@alvarezandmarsal.com | Professional Services | | | | $828,744.00 |
| 13 CALERES, INC 51 WAKEFIELD STREET ROCHESTER, NH 03867 | Kate Tidyman 314-854-2681 ktidyman@caleres.com | Trade Payable | | | | $772,520.99 |
| 14 CHANEL INC 876 CENTENNIAL AVENUE PISCATAWAY, NJ 08855 | Luz Parra +1 732 980 3866 luz.parra@chanel.com | Trade Payable | | | | $745,277.06 |
| 15 SUPREME INTERNATIONAL CORP. 1411 BROADWAY 2ND FLOOR NEW YORK, NY 10018 | Henry Betsy +1 (305) 873-1017 betsy.henry@pery.com | Trade Payable | | | | $688,726.79 |
| 16 Performance Team 2240 E MAPLE AVE EL SEGUNDO, CA 90245 | Nicole Kirk (424) 358-6940 nicole.kirk@performanceteam.net | Trade Payable | | | | $590,190.00 |
| 17 URBAN OUTFITTERS WHSL INC 209 W 38TH STREET 7TH FLOOR NEW YORK, NY 10018 | Kevin Redmond 215-454-3850 kredmond1@urbn.com | Trade Payable | | | | $566,111.58 |
| 18 BETSY N ADAM 525 Fashion Ave. 21st Floor NEW YORK, NY 10018 | Vittoria Peralta 212-302-3750 vittoriaperalta@bbxco.com | Trade Payable | | | | $563,431.50 |
| 19 STEVEN MADDEN LTD. 52-16 BARNETT AVENUE LONG ISLAND CITY, NY 11104 | Sunita Melaram 718-308-2448 sunitamelaram@stevemadden.com | Trade Payable | | | | $557,199.52 |

Debtor    Le Tote, Inc., _et al._                          Case Number (if known)
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  ALEX APPAREL GROUP, INC. 1400 BROADWAY 10TH FLOOR NEW YORK, NY 10018 | Celia Bonifaz 212-549-8515 celia@alexevenings.com | Trade Payable | | | | $553,657.61 |
| 21  LUCKY BRAND BATHING SUITS 214 WEST 39TH ST. RM 702 NEW YORK, NY 10018 | Alicia Maes 714.490.1313 ext#244 aliciam@lunadabay.net | Trade Payable | | | | $499,406.39 |
| 22  TECH MAHINDRA LIMITED 4965 PRESTON PARK BLVD S-500 PLANO, TX 75093 | Vineet Vij, 214-974-9907 CONNECT@TECHMAHINDRA.COM | Trade Payable | | | | $495,381.20 |
| 23  DESIGNER FRAGRANCE 77 DEANS RHODE HALL ROAD MONMOUTH, NJ 08852 | Bruno Alyssa 732-951-4416 alyssa.bruno@loreal.com | Trade Payable | | | | $489,523.39 |
| 24  NIC + ZOE 323 SPEEN STREET NATICK, MA 01760 | Andrea Ofgant 508-545-8534 aofgant@nicandzoe.com | Trade Payable | | | | $451,372.70 |
| 25  CHRISTIAN DIOR INTIMATES 371 HOES LANE PISCATAWAY, NJ 08854 | Jo Ann Garland 732-346-6887 joann.garland@lvmhuspc.com | Trade Payable | | | | $425,008.23 |
| 26  FLIK INTERNATIONAL CORP P.O BOX 417632 BOSTON, MA 02241-7632 | Evan Laspina 516.236.1932 Evan.Laspina@compass-usa.com | Trade Payable | Disputed | | | $423,976.50 |
| 27  TOMMY BAHAMA 1071 AVE OF THE AMERICA'S NEW YORK, NY 10018 | Priscilla Bryant 404-454-4688 pbryant@oxfordinc.com | Trade Payable | | | | $408,779.75 |
| 28  KIEHL'S SINCE 1851 P.O. BOX 751535 CHARLOTTE, NC 28275 | Nayaz Amina 732-951-4416 amina.nayaz@loreal.com | Trade Payable | | | | $391,861.60 |
| 29  PEERLESS CLOTHING INT. 1290 SIXTH AVENUE NEW YORK, NY 10104 | Daniela Cascino 514-593-9300 ext. 1442 danielac@peerless-clothing.com | Trade Payable | | | | $385,455.45 |
| 30  ESTEE LAUDER INC. P.O. BOX 65509 CHARLOTTE, NC 28202-0000 | Heather Raimondi 631-847-8468 hraimond@estee.com | Trade Payable | | | | $374,077.31 |

Fill in this information to identify the case and this filing:

Debtor Name      Le Tote, Inc.

United States Bankruptcy Court for the:      Eastern District of Virginia

                                                          (State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **08/02/2020** | ☒ /s/ |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Ed Kremer** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

**Official Form 202**            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## **LE TOTE, INC.**

July 30, 2020

I, Michael O. van den Berg, Corporate Secretary of Le Tote, Inc., a Delaware corporation (the "Company"), do herby certify the following:

1. I am the duly qualified and appointed Corporate Secretary of the Company.

2. Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted by the board of directors of the Company, acting pursuant to the Company's bylaws (as amended, amended and restated, modified, supplemented, or replaced from time to time, the "Bylaws").

3. The Resolutions are not inconsistent with the Bylaws.

4. The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written hereof.

_____

Name:  Michael O. van den Berg
Title:  General Counsel and Corporate Secretary

**<u>EXHIBIT A</u>**

## RESOLUTIONS
## OF THE BOARD OF DIRECTORS OF LE TOTE, INC.

### July 30, 2020

**WHEREAS**, a telephonic meeting (the "Meeting") of the Board of Directors (the "Board") of Le Tote, Inc. ("Le Tote"), a Delaware Corporation, acting on behalf of:

1) Le Tote, in its own capacity and in its capacity as managing member of French Tote LLC, a Delaware limited liability company ("French Tote");

2) French Tote, in its own capacity and in its capacity as the managing member of (a) Le Tote, LLC, a Delaware limited liability company, and (b) Lord & Taylor, LLC, a Delaware limited liability company ("Lord & Taylor");

3) Lord & Taylor, in its own capacity and in its capacity as the managing member of LT Card Company, LLC, a Virginia limited liability company ("LTCC," and collectively with Le Tote, French Tote, Le Tote, LLC, and Lord & Taylor, the "Companies" or each, a "Company"); and

4) Le Tote, LLC and LTCC, each in its own capacity,

was concluded on July 30, 2020.

**WHEREAS**, the Board hereby consents, pursuant to the articles of incorporation, bylaws, limited liability company agreement, limited partnership agreement, or similar document (in each case as amended or amended and restated to date) of each Company (the "Governing Document"), to the taking of the following actions and the adoption of the following recitals and resolutions (the "Resolutions"), and to the waiver of all notices and the holding of a meeting for the purpose of considering the same:

**Chapter 11 Filing**

**WHEREAS**, the Board has considered presentations by management (the "Management") and the financial and legal advisors (collectively, the "Advisors") of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to the Companies, and the effect of the foregoing on such entities' businesses;

**WHEREAS**, the Board discussed the foregoing with Management and the Advisors of the Companies and the Board has fully considered each of the strategic alternatives available to each Company and has determined, in the reasonable business judgment of the Board, that the following Resolutions are in the best interests of the Companies and their respective equityholders, creditors and other parties in interest;

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that each such entity shall be and

hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition and the voluntary petitions to be filed, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") or other court of competent jurisdiction.

**RESOLVED**, that the Chief Restructuring Officer, Chief Financial Officer, General Counsel, Secretary, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of the Companies (each, an "Authorized Signatory"), acting alone or with one or more other Authorized Signatory be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Companies' business.

## Filing of the Chapter 11 Plan

**WHEREAS**, the Company, with the assistance of Management and the Advisors, has formulated a plan of reorganization under chapter 11 of the Bankruptcy Code (as amended or restated from time to time, the "Plan") and a disclosure statement with all related exhibits thereto (as amended or restated from time to time, the "Disclosure Statement");

**WHEREAS**, the Board has had the opportunity to review the Plan and Disclosure Statement and has had the opportunity to consult with the Advisors concerning the Plan and Disclosure Statement;

**WHEREAS**, in the business judgment of the Board it is desirable and in the best interests of each Company, its creditors, and other stakeholders that the Company file the Plan and Disclosure Statement with the Bankruptcy Court, amend or restate the Plan and/or Disclosure Statement from time to time as may be necessary in the reasonable business judgment of the Authorized Signatories, and seek confirmation of the Plan;

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the business judgment of the Board it is desirable and in the best interests of each Company, its creditors, and other stakeholders that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered, and directed, together with the Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to, and modifications of, the Plan and the Disclosure Statement.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatory be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Companies, and they hereby are, authorized, empowered and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

## Retention of Professionals

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP ("Kirkland"), as the Companies' counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Companies' rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of each Company; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered and directed to employ the law firm of Kutak Rock LLP ("Kutak"), as the Companies' local counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Companies' rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of each Company; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kutak in accordance with applicable law.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered and directed to employ the firm of Berkeley Research Group, LLC ("BRG"), as the Companies' financial advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and remedies; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain BRG in accordance with applicable law.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered and directed to employ the firm of Nfluence Partners ("Nfluence"), as the Companies' investment banker, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and remedies; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause

to be filed an appropriate application for authority to retain Nfluence in accordance with applicable law.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered and directed to employ the firm of Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto"), as the Companies' notice, claims, and balloting agent and as administrative advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and remedies; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Stretto in accordance with applicable law.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each Authorized Signatory deem necessary, appropriate, or desirable in connection with the Chapter 11 Cases.

## Cash Collateral and Adequate Protection

**WHEREAS**, the Companies are party to that certain Credit Agreement, dated as of November 8, 2019 (as amended by Amendment No. 1 to the Credit Agreement, dated as of January 9, 2020, and Amendment No. 2 to the Credit Agreement, dated as of March 23, 2020), providing access to a revolving credit facility, by and among Le Tote, as lead borrower, French Tote, Le Tote, LLC, and Lord & Taylor, as additional borrowers, and LTCC, as guarantor, Wells Fargo Bank, National Association, as administrative and collateral agent, and each of the lenders from time to time party thereto (as may be amended from time to time, the "ABL Credit Facility");

**WHEREAS**, the Companies are party to that certain Term Loan Agreement, dated as of November 8, 2019 (as amended by Amendment No. 1 to the Term Loan Agreement, dated as of January 9, 2020, and Amendment No. 2 to the Term Loan Agreement, dated as of March 23, 2020), providing access to a term loan credit facility, by and among Le Tote, as lead borrower, French Tote, Le Tote, LLC, and Lord & Taylor, as additional borrowers, and LTCC as guarantor, TCG

BDC, Inc., as administrative agent and collateral agent, and each of the lenders from time to time party thereto (as may be amended from time to time, the "Term Loan Credit Facility"); and

**WHEREAS**, certain of the Companies are party to that certain Promissory Note, dated as of November 8, 2019, by and among Le Tote, as borrower, and HBC US Propco Holdings LLC, as seller (the "Seller Note").

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured parties (collectively, the "Prepetition Secured Parties") under the ABL Credit Facility, the Term Loan Credit Facility, and the Seller Note.

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations") as documented in a proposed order in interim and final form, as applicable (the "Cash Collateral Order") and to be submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the Cash Collateral Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

**RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain obligations related to the Cash Collateral and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Cash Collateral Transactions"), including granting liens on its assets to secure such obligations.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as a debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Cash

Collateral Transactions, including delivery of: (a) the Cash Collateral Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the Cash Collateral Documents.

**RESOLVED**, that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Cash Collateral Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing Resolutions, in accordance with the terms of the Cash Collateral Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the Cash Collateral Order or any of the other Cash Collateral Documents and the transactions contemplated  therein and to carry out fully the intent of the foregoing Resolutions.

## General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, in each case as in such Authorized Signatory's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the Governing Documents of the Companies, or hereby waives any right to have received such notice.

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board.

**RESOLVED**, that the Authorized Signatories (and their authorized designees or delegates) acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized and empowered to take all actions or to not take any action in the name of the Companies with respect to the transactions contemplated by these Resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

*        *        *        *        *