**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LE TOTE, INC., *et al.*,[1] | ) | Case No. 20-33332 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### General

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Le Tote, Inc. (the "Company") and its four affiliates, as chapter 11 debtors and debtors in possession (collectively, the "Debtors") pending in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements have been signed by Dan Mickelson, Chief Financial Officer of the Company and authorized signatory for each of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Mickelson necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Mickelson has not (and could not have) personally verified the accuracy of each such statement and representation, including,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.stretto.com/letote. The location of the Debtors' service address is 250 Vesey Street, 22nd Floor, New York, New York 10281.

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records as well as the books and records of HBC US Holdings, Inc. and HBC US Propco Holdings LLC (collectively, "HBC") who provide certain accounting, treasury, and accounts payable services to the Debtors pursuant to that certain Transition Services Agreement dated November 8, 2019 (as amended from time to time, the "TSA")  that was available at the time of such preparation.  Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements (including overcoming challenges imposed in connection with the COVID-19 pandemic, as described below), subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  Accordingly, the Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

For the avoidance of doubt, the Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but the Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

## **Global Notes and Overview of Methodology**

1.  **Description of the Cases**.  On August 2, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  The chapter 11 cases are being jointly administered under Case No. 20-33332 (KLP) [Docket No. 72].   The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 12, 2020, the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 117].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of as of or about August 1, 2020, the date the of the Debtors' month end closure to their balance sheets, and the liability data of the Debtors as of the close of business on the Petition Date.

2.    **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

3.    **Reservations and Limitations**.  Reasonable efforts were made to prepare and file complete and accurate Schedules and Statements but, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)    **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)    **COVID-19.**  The Debtors prepared and filed these Schedules and Statements during the unprecedented circumstances arising from the global COVID-19 pandemic.  As a result of this pandemic, the Debtors closed their stores in March and furloughed substantially all of their employees (including many employees who may have had knowledge relevant to these Schedules and Statements).  Additionally, the Debtors have not (and could not have) assessed the impact these circumstances may have on the Debtors' businesses and the disclosures contained herein.  The Debtors have made their best efforts to provide the best available information despite this crisis.

(c)    **Certain Information Provided by non-Debtor Parties**.  On November 8, 2019, Le Tote, Inc. consummated a transaction to acquire the assets of Lord & Taylor LLC (the "L&T Acquisition"), and the Debtors have limited access to pre-merger financial information, except as otherwise provided by HBC or certain affiliates thereof under the TSA, executed in connection with the L&T Acquisition.  Accordingly, to the extent a question in the Schedules and Statements seeks historic financial information, such information is provided on a post-L&T Acquisition basis or is otherwise based on information provided by HBC or certain affiliates thereof.  As described above, HBC and certain of its affiliates provide transition services relevant to these Schedules and Statements, including Accounting, Treasury, and Accounts Payable Services.  Certain information contained in these Schedules and Statements is accordingly not contained in the Debtors' books and records but those of HBC.  The Debtors have made their best efforts to work with HBC to provide the best available information in the Schedules and Statements, however, purchase accounting with respect to the L&T

Acquisition has not been completed and the Debtors have not completed a full fiscal year-end audit since prior to the L&T Acquisition. Accordingly, the carrying cost of certain fixed assets and accounts reflect historical amounts instead of post-L&T Acquisition amounts.

(d)     **Cash**. All references to "cash" herein and as reported in the Schedules and Statements means "bank cash." The Debtors are not currently accepting cash payments as of the preparation of these Schedules and Statements.

(e)     **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to limited resources as a result of the furlough, the Debtors may have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(f)     **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(g)     **Claims Description**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

(h)     **Estimates and Assumptions**. To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

(i)     **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and

4

actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(j)     **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.   Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

(k)     **Insiders**.  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (i) such person's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period, but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect

thereto.  To the extent any individual may have been considered an insider at some point during the 12-month period, but ceased being an insider during the 12-month period, this schedule only reflects payments made during the time such party may have been considered an insider.

4.    **Methodology**.

(a)    **Basis of Presentation**.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by the parent Debtor, Le Tote, Inc.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").    Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Financial statements of Debtor Lord & Taylor are prepared on a non-calendar fiscal year, as is common for many retailers, and financial statements for Debtor Le Tote, Inc. are prepared on a calendar fiscal year basis.  Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements and those of HBC.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

(b)    **Confidential or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  The Debtors have not listed individual customer accounts receivable balance information as the Company considers its customer list to be proprietary and confidential.  The alterations or redactions will be limited only to what the Debtors believe is necessary to protect the Debtor or third party.

(c)    **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)    **Umbrella or Master Agreements**.  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the

Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

(e)    **Executory Contracts**.  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract or lease.  Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

(f)    **Leases**.  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.  Pursuant to the purchase agreement executed in connection with the L&T Acquisition, HBC is obligated to pay pay fixed and percentage rent (excluding common area maintenance and other similar charges) under certain of the Debtors' leases through November 8, 2022.

(g)    **Valuation**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets, and in some cases the estate assets are being currently marketed to and in some cases estate assets are being currently marketed to effectuate the Debtors' proposed sale process pursuant to the *Debtors' Motion for Entry of an Order (I) Establishing Bidding Procedures (II) Scheduling Bid Deadlines and Auctions, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Sale of the Debtors' Assets Free and Clear, and (V) Granting Related Relief* [Docket No. 29]. For these reasons, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown.  Accordingly, unless otherwise indicated, net book values as reflected as of or about August 1, 2020 are reflected on the Schedules and Statements.  Exceptions to this include operating cash and certain other assets.  Operating cash is presented at bank balance as of the Petition Date.  Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset,

and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

(h)     **Property and Equipment**.   Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

(i)     **Inventory.**   The Debtors' inventory is comprised of finished merchandise. Lord & Taylor LLC's inventory is stated at net realizable value. Le Tote, Inc.'s inventory is stated at "unknown" or "undetermined," due to the valuation difficulty and nature of rental inventory. The Debtors' periodically review their inventory levels in order to identify slow-moving merchandise and use merchandise markdowns to sell such merchandise, as needed. Since the determination of net realizable value of inventory involves both estimation and judgment with regard to market values and reasonable costs to sell, differences in these estimates could result in ultimate valuations that differ from the recorded asset. The majority of inventory purchases, rentals, and commitments are made in U.S. dollars in order to limit the Debtors' exposure to foreign currency fluctuations.

(j)     **Contingent Assets**.   The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages. Refer to each Statement, item 4(a)(i), for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

(k)     **Unliquidated Claim Amounts**.   Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

(l)    **Undetermined Amounts.**  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(m)    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

(n)    **Allocation of Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

(o)    **Paid Claims.**  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about August 3, 2020 (collectively, the "<u>First Day Orders</u>"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, customer credits/refunds, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

(p)    **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

(q)    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

(r)     **Intercompany Claims**.  The Debtors have historically kept separate books and records by entity in multiple accounting systems.  The Debtors regularly engage in business relationships and transactions with each other, including the payment or funding of certain operating expenses. These relationships, payments, and/or funding of expenses are reflected as journal entry receivables or payables, as applicable, in the respective Debtors' accounting systems. *See Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 11] (the "Cash Management Motion").

Receivables and payables among and between the Debtors and other Debtors are reported on Schedule A/B per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.  Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records.  Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records.  The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not all allowed at all.  The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account.  The Debtors reserve all rights to later change the amounts, characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

In addition, certain of the Debtors act on behalf of other Debtors.  Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment.  The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

(s)     **Payments.** Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System"), as described in the Cash Management Motion.  Although efforts have been made to attribute open payable amounts to the correct legal

entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

(t) **Guarantees and Other Secondary Liability Claims**.  The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees.  However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

(u) **Claims of Third-Party Related Entities**.  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

(v) **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable.  In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.  The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

(w) **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.  If such liens may apply, the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

(x) **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(y) **Setoffs**.  The Debtors incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, negotiated allowances (*i.e.*, damage, distribution, markdown, etc.), returns, warranties, and other disputes between the Debtors and their suppliers.  These offsets and other

similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

5.    **Specific Schedules Disclosures.**

(a)    **Schedule A/B.** The Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to re-categorize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

Certain of the instruments reflected on Schedule A may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditors' claim.

The Debtors' failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their Causes of Action or potential Causes of Action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

(b)    **Schedule A/B-3 – Checking, savings, or other financial accounts, etc.** Schedule A/B-3 lists closing bank balances of the Debtors' 57 bank accounts as of or about August 1, 2020. As described in the Cash Management Motion, the Debtor's 38 Store Accounts are funded by in-store purchases. Store managers deposit cash, either themselves or via third-party armored car, into the respective Store Account each week, or whenever cash in store exceeds a certain amount. All cash sweeps are done on a manual basis.

(c)    **Schedule A/B-7 – Deposits.** The Debtors are required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of

business. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

(d)     **Schedule A/B-11 – Accounts receivable**.   This item excludes intercompany receivables.   Please see the note on page 9 of these Global Notes regarding intercompany claims.  Recovery on certain accounts receivable may be "doubtful" based on management's expectation of the likelihood of payment.

(e)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  The value of ownership interests in subsidiaries and affiliates have been listed in Schedule A/B, Part 4 as undetermined.  The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(f)     **Schedule A/B, Part 5 – Inventory, excluding agricultural assets**.   Inventory is shown as of the Petition Date and includes capitalized freight and overhead, as well as inventory adjustments.  Inventory is shown net of reductions for shrink, lower of cost or market, and inventory write-off reserves, as well as the unamortized portion of vendor entitlements and other credits not recorded at the SKU level.  A full cyclical inventory of merchandise has not been taken since 2019, prior to the L&T Acquisition.

(g)     **Schedule A/B, Part 7 – Office furniture, fixtures, and equipment; and collectibles**. Dollar amounts are presented net of accumulated depreciation and other adjustments. Because of the large number of furniture, fixtures, and equipment, as well as the difficulty of listing out every one of these assets, these items are listed as group line items.  The Debtors may lease furniture, fixtures, and equipment from certain third party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

(h)     **Schedules A/B, Part 10, Items 59-66 – Intangibles and intellectual property**.  The Debtors review goodwill and other intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values.  The Debtors report intellectual property assets as net book value based on the Debtors' books and records whenever applicable.  These assets are also part of an ongoing marketing effort and thus are currently being valued in connection with possible sale transactions.

(i)     **Schedule A/B 71-Notes Receivable.**  The Debtors make certain inventory and other non-cash transfers, including with respect to gift cards, among Debtor entities.  These

intercompany transactions result in intercompany receivables and payables in the ordinary course of business which are reflected on the Schedules and Statements.

(j)     **Schedule A/B 72-Tax refunds and unused net operating losses (NOLs).**  The Debtors have not previously filed federal taxes on a consolidated basis, but plan to file federal taxes on a consolidated basis following the L&T Acquisition.  Net operating losses ("NOLs") and general business credit carryforwards may be available to offset taxable income or reduce the tax liability of the consolidated group, of which Le Tote, Inc. is the parent.  Amounts listed for federal NOLs and general business credit carryforwards are based on the Debtors' reasonable estimates based on the Debtors' pretax book losses for the 2019 fiscal year and the period from January 1, 2020 through February 1, 2020.  The tax attribute estimates herein remain subject to change based on the final tax returns for the fiscal year ended December 31, 2019 and the short fiscal year ended February 1, 2020.

(k)     **Schedules A/B-73 – Interests in insurance policies or annuities.**  All listed contracts are insurance contracts.  As a result, except for the insured Debtors, there are no beneficiaries, face value, cash surrender value, or current value of Debtors' interest.

(l)     **Schedules A/B-74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims**.  The Debtors attempted to list known causes of action and other claims. Potential preference actions and/or fraudulent transfer action were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their Causes of Action or potential Causes of Action against third parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

(m)     **Schedule D – Creditors who have claims secured by property**.  Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral and Affording Adequate Protection; (II) Modifying the Automatic Stay; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief* [Docket No. 28] (the "Cash Collateral Motion").

(n)   **Schedule E/F – Creditors who hold unsecured claims.**

(i)   ***Part 1 – Creditors with priority unsecured claims***. The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 259] (the "Final Taxes Order"), the Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid or may be paid pursuant to the Final Taxes Order or pursuant to further Bankruptcy Court order are not listed in Schedule E. The Debtors believe that any non-disputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim have been or will be satisfied.

Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 257] (the "Final Wages Order") the Debtors received final authority to pay certain prepetition obligations, including, without limitation, obligations related to employee wages and other employee benefits, in the ordinary course of business. Accordingly, no undisputed, prepetition claims

of non-insiders related to employee wages and other employee benefits that have been paid or may be paid pursuant to the Final Wages Order or pursuant to further Bankruptcy Court order is listed in Schedule E/F Part 1.

(ii)   ***Part 2 – Creditors with nonpriority unsecured claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors.  However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation.  Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding pending litigation involving the Debtors.  The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.  For the avoidance of doubt, demand letters received from potential litigants that do not list a specific Debtor are listed on the Schedules for Debtor Le Tote, Inc.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may or have been be rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive such invoices.

Liabilities listed on Schedules E/F reflect the Debtors' book and records balances as of as of or about August 1, 2020. These amounts do not include any prepetition amounts paid under various authority granted by the Bankruptcy Court that have been issued post-petition. The Debtors expect that certain suppliers may continue to receive payments on account of prepetition amounts through the pendency of these cases (as approved by the Bankruptcy Court).

(o)     **Schedule G – Executory contracts and unexpired leases**.  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication of items may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the company may have inadvertently listed the incorrect Debtor party.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, may reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors have included contracts in Schedule G that have been rejected since the Petition Date.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Debtor entities although the Debtors have assumed and continue to perform under the terms of such

agreements.  In such cases, Debtors have included such items on Schedule G of Debtor Specialty Retailers Inc.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility.  The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(p)    **Schedule H – Co-Debtors**.  For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

The Debtors have not listed any litigation-related co-Debtors on Schedule H.  Instead, all such listings can be found on the Debtors' Schedule E/F.

6.    **Specific Statements Disclosures**.

(a)    **Part 1, Question 2 – Non-business revenue**.  Non-business revenue includes such items as royalty income, interest and other income, and management fees.

(b)    **Part 1, Questions 3, 4, and 30 – Payments to Certain Creditors**.  Prior to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates as further explained in the Cash Management Motion.  Consequently, all payments to creditors and insiders listed in response to Questions 3, 4, and 30 on each of the Debtors' Statements reflect payments made by Le Tote, Inc. from one of its operating bank accounts (the "Operating Accounts"), on behalf of the corresponding Debtor, pursuant to the Debtors' cash management system described in the Cash Management Motion.

The Debtors have responded to Question 3 in detailed format by creditor. The response, however, does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or ordinary course compensation of individuals through salaries, wages, or related allowances.

The Debtors have responded to Questions 4 and 30 in detailed format by insider in the attachment for Question 30.  To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed in Statements, Part 13, Question 30 those payments made while such person was defined as an insider.

(c)    **Part 2, Question 5 – Repossessions, foreclosures, and returns**.  In the ordinary course of business, returns are part of the Debtors' operations.  Due to the voluminous nature of returns, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Such returns are not listed on Schedule A/B, Part 2.

(d)  **Part 2, Question 6 – Setoffs**.  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(y) of these Global Notes.

(e)  **Part 3, Question 7 – Legal Actions, administrative proceedings, court actions, executions, attachments, or governmental units.** There may be instances where a party has filed a case against both Debtor entities.  To the extent multiple Debtors are named parties to a case, the Debtors have listed such case under Question 7 of the Statements for each applicable Debtor.

Additionally, The Debtors have not included workers' compensation claims in response to this question because the Debtors maintain that this disclosure would be in violation of certain laws, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

(f)  **Part 5, Question 10 – All losses from fire, theft, or other casualty within 1 year before filing this case**.  Following a theft that occurred in certain stores, the Debtors received a partial payment under the applicable insurance policy.  The insurance claims process is ongoing and may result in subsequent payments.

(g)  **Part 6, Question 11 – Payments related to bankruptcy**.  All disbursements listed in Statement 11 were initiated and disbursed by Debtor Le Tote, Inc. but were for the benefit of all Debtors.

(h)  **Part 6, Question 13 – Transfers not already listed on this statement.**  Any values listed in the description of the property transferred are estimates and included for illustrative purposes only, as many transactions include adjustments to the purchase price post-closing.  Further, the value of each transfer reflects an aggregate transaction value across all of the associated Debtor entities.  On November 8, 2019, Le Tote, Inc. consummated the L&T Acquisition.  Upon closing the L&T Acquisition, the Company acquired the entire Lord & Taylor enterprise, including its brick-and-mortar and ecommerce operations, including all 38 stores.

(i)  **Question 16 – Personally Identifiable Information.**  In the ordinary course of the Debtors' businesses, certain of the Debtors collect and retain certain personally identifiable information of their customers, including, but not limited to, names, addresses, email addresses, and certain payment information. Such information is subject to the Debtors' privacy policy regarding personally identifiable information.

(j)  **Part 10, Question 20 – Off-premises storage**.  The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process

(k)  **Part 13, Question 25 – Other businesses in which the Debtor has or has had an interest.**  The Debtors have provided approximate dates for existence of owned or controlled businesses, as exact dates are not readily known or accessible.

(l)     **Part 13, Question 26 – Books, records, and financial statements**.  The Debtors provide certain parties, such as banks, factors, auditors, potential investors, vendors, and financial advisors, with financial statements.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided full lists of these parties in Part 13, Question 26 of the Statements.

(m)     **Part 13, Question 27 – Inventories**.  A full cyclical inventory of merchandise has not been taken since 2019, prior to the L&T Acquisition.  Following a theft that occurred in certain stores, a partial inventory was taken in connection with the ensuing insurance claims process.  Accordingly, the annual inventory amounts are reported based on a partial inventory and as of the date the last inventory was taken with respect to certain merchandise, as applicable.

(n)     **Part 13, Question 31**.  The Debtors have not previously filed federal taxes on a consolidated basis, but plan to file federal taxes on a consolidated basis following the L&T Acquisition.

*       *       *       *       *

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LE TOTE, INC., et al.,[1] | ) | Case No. 20-33332 (KLP) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## <u>SCHEDULES OF ASSETS AND LIABILITIES FOR</u> <u>LE TOTE, INC.</u> <u>(CASE NO. 20-33332)</u>

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.stretto.com/LeTote. The location of the Debtors' service address is 250 Vesey Street, 22nd Floor, New York, New York 10281.

**Fill in this information to identify the case:**

Debtor name: **Le Tote, Inc.**

United States Bankruptcy Court for the: **Eastern District of Virginia**

Case number: **20-33332**

☐ Check if this is an
amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---:|
| 1a. **Real property:** | $0.00 |
| Copy line 88 from Schedule A/B | |
| 1b. **Total personal property:** | $517,960,442.73 |
| Copy line 91A from Schedule A/B | |
| 1c. **Total of all property:** | $517,960,442.73 |
| Copy line 92 from Schedule A/B | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)  $139,172,024.01
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---:|
| 3a. **Total claim amounts of priority unsecured claims:** | $55,350.97 |
| Copy the total claims from Part 1 from line 5a of Schedule E/F | |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** | $14,307,474.10 |
| Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | |

**4. Total Liabilities**  $153,534,849.08
Lines 2 + 3a + 3b

| Fill in this information to identify the case: |
|---|
| Debtor name: Le Tote, Inc. |
| United States Bankruptcy Court for the: Eastern District of Virginia |
| Case number: 20-33332 |

☐ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| 2.1 | | | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|---|
| 3.1 | BANK OF AMERICA | CARVE OUT RESERVE DEPOSIT | 7921 | $0.00 |
| 3.2 | BANK OF AMERICA | UTILITY | 7934 | $0.00 |
| 3.3 | BANK OF AMERICA | DEPOSIT | 7947 | $0.00 |
| 3.4 | BANK OF AMERICA | DEPOSIT | 7950 | $0.00 |
| 3.5 | SILICON VALLEY BANK | OPERATING | 3857 | $752,384.46 |
| 3.6 | SILICON VALLEY BANK | CONCENTRATION | 5955 | $33,245.89 |
| 3.7 | SILICON VALLEY BANK | INACTIVE | 9451 | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| | | | | |
|---|---|---|---|---|
| 4.1 | | | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | |
|---|---|
| | $785,630.35 |

**Part 2:    Deposits and prepayments**

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 | CENTRAL VALLEY HOLDING INDUSTRIAL CORE HOLDINGS, LLC, SECURITY DEPOSIT TOWARDS LEASE | $100,000.00 |
| 7.2 | RAKUTEN MARKETING LLC, DEPOSIT FOR COMMERCIAL ACTIVITIES IN RAKUTEN WEBSITE | $50,000.00 |
| 7.3 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, BOND REQUIREMENT DUE TO PAST DILENQUENCY AND NON PAYMENT OF SALES TAXES | $50,000.00 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | SEE ATTACHED SCHEDULE 8 ATTACHMENT | $488,893.96 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| | |
|---|---|
| | $688,893.96 |

**Part 3:    Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| | | face amount | | doubtful or uncollectible accounts | | | |
|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | $188,456.17 | − | $0.00 | = ........ ➜ | UNKNOWN | |
| 11b. | Over 90 days old: | $0.00 | − | $0.00 | = ........ ➜ | | $0.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | |
|---|---|
| | UNKNOWN |

**Part 4:    Investments**

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| | | |
|---|---|---|
| 14.1 | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                    % of ownership:

| | Name of entity | % of ownership | | Current value |
|---|---|---|---|---|
| 15.1 | FRENCH TOTE LLC | 100% | | UNKNOWN |
| 15.2 | LE TOTE VENTURE LIMITED | 33% | | UNKNOWN |
| 15.3 | LORD & TAYLOR LLC | 100% | | UNKNOWN |
| 15.4 | LE TOTE LLC | 100% | | UNKNOWN |
| 15.5 | LT CARD COMPANY LLC | 100% | | UNKNOWN |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| | | |
|---|---|---|
| 16.1 | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| UNKNOWN |
|---|

**Part 5:    Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | $ | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | $ | | $0.00 |

**21. Finished goods, including goods held for resale**

| 21.1 | FINISHED GOODS | N/A | $4,169,053.04 | N/A | UNKNOWN |
|---|---|---|---|---|---|
| 21.2 | FINISHED GOODS - BRANDED | N/A | $428,738.25 | N/A | UNKNOWN |

**22. Other inventory or supplies**

| 22.1 | | | $ | | $0.00 |
|---|---|---|---|---|---|

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| UNKNOWN |
|---|

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☑ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes     Book value _____ $    Valuation method _____    Current value _____ $

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☑ Yes

---

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

---

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | $ | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | $ | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | $ | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | $ | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | $ | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☑ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes    Book value _____ $    Valuation method _____    Current value _____ $

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
| --- | --- |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **39. Office furniture** | | | |
| 39.1  SEE ATTACHED SCHEDULE 39-42 ATTACHMENT | $ | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1  SEE ATTACHED SCHEDULE 39-42 ATTACHMENT | $ | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1  SEE ATTACHED SCHEDULE 39-42 ATTACHMENT | $ | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1  SEE ATTACHED SCHEDULE 39-42 ATTACHMENT | $ | | $294,296.28 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

$294,296.28

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description
Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1
SEE ATTACHED SCHEDULE 47-50 ATTACHMENT | $ | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1
SEE ATTACHED SCHEDULE 47-50 ATTACHMENT | $ | | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1
SEE ATTACHED SCHEDULE 47-50 ATTACHMENT | $ | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1
SEE ATTACHED SCHEDULE 47-50 ATTACHMENT | $ | | $1,337,086.72 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$1,337,086.72

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 9:**  **Real Property**

---

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 10:**  **Intangibles and intellectual property**

---

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 _____ | $_____ | _____ | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 _____ | $_____ | _____ | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 _____ | $_____ | _____ | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 _____ | $_____ | _____ | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 _____ | $_____ | _____ | $0.00 |
| **65. Goodwill** | | | |
| 65.1 _____ | $_____ | _____ | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| $0.00 |
|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 11:    All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | | | Current value of debtor's interest |
|---|---|---|---|

**71. Notes receivable**
Description (include name of obligor)

| 71.1 | INTERCOMPANY PAYABLE TO LORD AND TAYLOR LLC | $$691,726,48.63 | - | $0.00 | = ➜ | $69,172,648.63 |
|---|---|---|---|---|---|---|
| | | total face amount | | doubtful or uncollectible amount | | |

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

| 72.1 | NET OPERATING LOSS | Tax year | 2013 | $445,167.00 |
|---|---|---|---|---|
| 72.2 | NET OPERATING LOSS | Tax year | 2014 | $3,506,121.00 |
| 72.3 | NET OPERATING LOSS | Tax year | 2015 | $10,633,538.00 |
| 72.4 | NET OPERATING LOSS | Tax year | 2016 | $15,608,896.00 |
| 72.5 | NET OPERATING LOSS | Tax year | 2017 | $23,637,587.00 |
| 72.6 | NET OPERATING LOSS | Tax year | 2018 | $12,264,347.79 |
| 72.7 | NET OPERATING LOSS | Tax year | 2019 | $38,611,987.00 |
| 72.8 | NET OPERATING LOSS | Tax year | 2020 | $19,994,243.00 |

**73. Interests in insurance policies or annuities**

| 73.1 | SEE ATTACHED SCHEDULE 73 ATTACHMENT | $320,980,000.00 |
|---|---|---|

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

| 74.1 | IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT-DISCOUNT ANTITRUST LITIGATION (INCLUDES SAKS AND L&T) | UNKNOWN |
|---|---|---|
| Nature of Claim | ANTITRUST CLASS ACTION (L&T IS A PLAINTIFF) | |
| Amount requested | $ | |

| 74.2 | INDEPENDENT DIRECTOR INVESTIGATION | UNKNOWN |
|---|---|---|
| Nature of Claim | | |
| Amount requested | $ | |

| 74.3 | LE TOTE, INC. V. URBAN OUTFITTERS, INC. | UNKNOWN |
|---|---|---|
| Nature of Claim | TRADE SECRET MISAPROPRIATION, BREACH OF CONTRACT, FRAUDULENT MISREPRESENTATION, UNFAIR COMPETITION, AND UNJUST ENRICHMENT | |
| Amount requested | $ | |

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| 75.1 | | $0.00 |
|---|---|---|
| Nature of Claim | | |
| Amount requested | $ | |

**76. Trusts, equitable or future interests in property**

| 76.1 | | $0.00 |
|---|---|---|

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| 77.1 | CUSTOMER INSIGHTS | 100% OWNED. VALUE UNKNOWN |
|---|---|---|
| 77.2 | DYNAMIC PRICING ENGINE | 100% OWNED. VALUE UNKNOWN |
| 77.3 | FIT ENGINE | 100% OWNED. VALUE UNKNOWN |
| 77.4 | INVENTORY MANAGEMENT SYSTEM | 100% OWNED. VALUE UNKNOWN |
| 77.5 | LOGISTICS SYSTEM | 100% OWNED. VALUE UNKNOWN |
| 77.6 | PRODUCT ROADMAP | 100% OWNED. VALUE UNKNOWN |
| 77.7 | STYLE RECOMMENDATION TOOL | 100% OWNED. VALUE UNKNOWN |

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$514,854,535.42

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:    Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $785,630.35 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $688,893.96 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | UNKNOWN | |
| **83. Investments.** Copy line 17, Part 4. | UNKNOWN | |
| **84. Inventory.** Copy line 23, Part 5. | UNKNOWN | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $294,296.28 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $1,337,086.72 | |
| **88. Real property.** Copy line 56, Part 9. | → | $0.00 |
| **89. Intangibles and intellectual property..** Copy line 66, Part 10. | $0.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $514,854,535.42 | |
| **91. Total. Add lines 80 through 90 for each column**    91a. | $517,960,442.73 | 91b.    $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                                    $517,960,442.73

**Schedule A/B:  Part 2, Question 8 - Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

| Name of Holder of the Prepayment | Description of the Prepayment | Current Value of Debtor's Interest |
|---|---|---|
| AFCO | INSURANCE | $1,527.18 |
| BERKELEY RESEARCH GROUP LLC | CONSULTING | $56,535.59 |
| CARTA | SOFTWARE | $8,666.68 |
| CR BRANDS | CINCINNATI OFFICE SUBLEASE: MAR THROUGH DEC 2020 RENT (PREPAID) | $16,292.50 |
| DROPBOX | SOFTWARE | $2,766.69 |
| FELD DIRECT | RENEWING USAGE RIGHTS FOR MODELS IN A TV/VIDEO CREATIVE THAT WAS DESIGNED FOR LE TOTE (OCTOBER 21 2019 - OCTOBER 21 2020) | $8,278.08 |
| KAISER PERMANENTE | EMPLOYEE HEALTH BENEFITS | $13,295.78 |
| KATTEN MUCHIN ROSENMAN LLP | CONSULTING | $18,430.84 |
| KIRKLAND & ELLIS LLP | CONSULTING | $112,996.03 |
| LOOKER | SOFTWARE | $8,000.00 |
| ONE TRUST | SOFTWARE | $624.98 |
| ROCKERBOX, INC. | SOFTWARE | $39,000.00 |
| SEGMENT.IO | SOFTWARE | $7,833.36 |
| SHANGHAI PAMIR MANAGEMENT CONSULTING COMPANY | RETAINER | $10,000.00 |
| STELLA SERVICE | SOFTWARE | $1,170.00 |
| SUTTER HEALTH | EMPLOYEE HEALTH BENEFITS | $7,637.24 |
| T2 ADVERTISING INC. | SHORT FORM MEDIA TEST JAN 2020 - UPDATE: 02/10/2020 BEN W. NOTED THAT THIS WAS DELAYED UNTIL MARCH 2020. NO UPDATE IN MARCH SINCE MARKETING WAS LAID OFF. | $75,000.00 |
| TALKDESK | SOFTWARE | $8,438.50 |
| USI | INSURANCE | $62,400.50 |
| VENSOURCE CAPITAL | LOAN DEPOSIT | $30,000.00 |
| **TOTAL:** | | **$488,893.96** |

**Schedule A/B:  Part 8, Questions 47-50 - Machinery, equipment and vehicles**

| General Description of Property (Automobiles, Vans, Trucks, etc.; Watercraft, Trailers, Motors and Related Accessories; Aircraft and Accessories; Other Machinery, Fixtures, and Equpment) | Net Book Value of Debtor's Interest | Valuation Method Used for Current Value | Current Value of Debtor's Interest |
|---|---|---|---|
| CAPITALIZED LAUNDRY FACILITY DEVELOPMENT AT STOCKTON | $29,017.67 | N/A | UNKNOWN |
| LAUNDRY EQ. - COMMERCIAL SERVICES - CLEANING PLANT | $130,836.90 | N/A | UNKNOWN |
| LAUNDRY EQ. - COMMERCIAL SERVICES - CLEANING PLANT | $36,414.06 | N/A | UNKNOWN |
| LAUNDRY EQ. - COMMERCIAL SERVICES - CLEANING PLANT | $34,018.19 | N/A | UNKNOWN |
| LAUNDRY EQ. - COMMERCIAL SERVICES - CLEANING PLANT | $68,036.39 | N/A | UNKNOWN |
| LAUNDRY EQ. - COMMERCIAL SERVICES - DRYER | $1,437.50 | N/A | UNKNOWN |
| LAUNDRY EQ. - HUDSON - DC2 LAUNDRY | $456,872.12 | N/A | UNKNOWN |
| LAUNDRY EQ. - HUDSON - TUNNEL | $7,019.88 | N/A | UNKNOWN |
| LAUNDRY EQ. - HUDSON - WASCOMAT GAS DRYERS (2) | $7,346.48 | N/A | UNKNOWN |
| LAUNDRY EQ. - HUDSON EQUIPMENT - CM TD67G - | $0.00 | N/A | UNKNOWN |
| LAUNDRY EQ. - HUDSON EQUIPMENT - TRAVEL/CONSULT EXPENSE | $1,728.45 | N/A | UNKNOWN |
| LAUNDRY EQ. - HUDSON EQUIPMENT - TRAVEL/CONSULT EXPENSE | $2,063.34 | N/A | UNKNOWN |
| LAUNDRY EQ. - HUDSON EQUIPMENT - TRAVEL/CONSULTING EXPENSE | $2,418.91 | N/A | UNKNOWN |
| LAUNDRY EQ. - KELLEHER - DRY CLEANING | $86,209.13 | N/A | UNKNOWN |
| LAUNDRY EQ. - KELLEHER - DRY CLEANING | $6,053.46 | N/A | UNKNOWN |
| LAUNDRY EQ. - KELLEHER - DRY CLEANING DEPOSIT | $66,006.39 | N/A | UNKNOWN |
| LAUNDRY EQ. - SIEGFRIED - DRY CLEANING INSTALLATION | $5,873.42 | N/A | UNKNOWN |
| LAUNDRY EQ. - SIEGFRIED - DRY CLEANING INSTALLATION | $3,596.88 | N/A | UNKNOWN |
| LAUNDRY EQ. - SOAP PUMP ASSEMBLY | $870.48 | N/A | UNKNOWN |
| LAUNDRY EQ. - WAGNER MECHANICAL - LAUNDRY EQUIPMENT | $150,207.65 | N/A | UNKNOWN |
| LAUNDRY EQ. - WASTEWATER FILTER | $3,033.91 | N/A | UNKNOWN |
| LAUNDRY EQ. - WASTEWATER FILTER | $3,033.98 | N/A | UNKNOWN |
| LAUNDRY EQUIPMENT - DOYLE CONSTRUCTION | $0.00 | N/A | UNKNOWN |
| LAUNDRY EQUIPMENT LEASED BACK | $12,501.15 | N/A | UNKNOWN |
| LAUNDRY IMP. - BRULIN & COMPANY - WASTE WATER FLOW CAPACITY | $8,179.51 | N/A | UNKNOWN |
| LAUNDRY IMP. - CITY OF STOCKTON - DISCHARGE CAPACITY FOR LAUNDRY | $185.90 | N/A | UNKNOWN |
| LAUNDRY IMP. - CITY OF STOCKTON - WATER CONNECTION FEES, CONSTRUCTION PERMITS FOR LAUNDRY FACILITY | $16,337.93 | N/A | UNKNOWN |
| LAUNDRY IMP. - COOPER CONTROLS - PROGRESS INVOICE | $3,775.57 | N/A | UNKNOWN |
| LAUNDRY IMP. - COOPER CONTROLS (WASTE WATER TREATMENT SYSTEM & INSTRUMENTATION TECHNICIAN) | $31,458.79 | N/A | UNKNOWN |
| LAUNDRY IMP. - COOPER CONTROS (SUBCONTRACTOR INVOICES FOR DRAIN TRENCH EXCAVATION, SUMP INSTALL) | $5,031.77 | N/A | UNKNOWN |
| LAUNDRY IMP. - IMPROVEMENT CONSULTING & ENGINEERING - SDI | $4,647.37 | N/A | UNKNOWN |
| LAUNDRY IMP. - PG&E - CAPITALIZATION OF WAREHOUSE PROJECT | $929.51 | N/A | UNKNOWN |
| LAUNDRY IMP. - SDI - CONSULTING & ENGINEERING | $1,115.41 | N/A | UNKNOWN |
| LAUNDRY IMP. - SDI (FREIGHT COST) | $419.98 | N/A | UNKNOWN |
| LAUNDRY IMP. - SDI INDUSTRIES, INC | $39,801.81 | N/A | UNKNOWN |
| LAUNDRY IMP. - SIEGFRIED ENGINEERING - ENGINEERING SERVICES, APR 2016 | $2,360.90 | N/A | UNKNOWN |
| LAUNDRY IMP. - SIEGFRIED ENGINEERING - ENGINEERING SERVICES, FEB 2016 | $3,141.85 | N/A | UNKNOWN |
| LAUNDRY IMP. - SIEGFRIED ENGINEERING - ENGINEERING SERVICES, JAN 2016 | $1,533.86 | N/A | UNKNOWN |
| LAUNDRY IMP. - SIEGFRIED ENGINEERING - ENGINEERING SERVICES, JULY 2016 | $132.98 | N/A | UNKNOWN |
| LAUNDRY IMP. - SIEGFRIED ENGINEERING - ENGINEERING SERVICES, JUNE 2016 | $100.41 | N/A | UNKNOWN |
| LAUNDRY IMP. - SIEGFRIED ENGINEERING - ENGINEERING SERVICES, MAR 2016 | $2,427.78 | N/A | UNKNOWN |
| LAUNDRY IMP. - SIEGFRIED ENGINEERING - ENGINEERING SERVICES, MAY 2016 | $1,635.90 | N/A | UNKNOWN |
| LAUNDRY IMP. - SIEGFRIED ENGINEERING - ENGINEERING SERVICES, SEPTEMBER 2016 | $188.94 | N/A | UNKNOWN |
| LAUNDRY IMP. - TURN-KEY INDUSTRIAL ENGINEERING SERVICE, INC | $1,878.84 | N/A | UNKNOWN |
| MOTOR VEHICLE DELIVERY VAN | $0.00 | N/A | UNKNOWN |
| SDI - STOCK RAIL SYSTEM (DC2) | $97,205.37 | N/A | UNKNOWN |
| **TOTAL:** | **$1,337,086.72** | | |

Intre Le Tote, Inc.
Case No. 20-33332

**Schedule A/B: Part 11, Question 73 - Interests in insurance policies or annuities**

| Description | Current Value of Debtor's Interest |
|---|---|
| ALLIANZ EXCESS LIABILITY POLICY # -USL002805195  FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $10,000,000.00 |
| AXA D&O POLICY # -ELU164751-19 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $5,000,000.00 |
| AXA D&O POLICY # -ELU164751-19 FOR PERIOD BETWEEN - 11/8/2020 - 5/8/2021 | $5,000,000.00 |
| AXA EXCESS LIABILITY POLICY # -US00095326LI19A FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $25,000,000.00 |
| BEAZLEY NETWORK SECURITY POLICY # -W294B4190101 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $10,000,000.00 |
| CHUBB Auto Policy # -73612013 for period between - 11/8/2019 - 11/8/2020 | $1,000,000.00 |
| CHUBB D&O POLICY # -G71757572 001  FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $12,000,000.00 |
| CHUBB D&O POLICY # -G71757572 001  FOR PERIOD BETWEEN - 11/8/2020 - 5/8/2021 | $12,000,000.00 |
| CHUBB EXCESS LIABILITY POLICY # -79836508 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $30,000,000.00 |
| CHUBB GENERAL LIABILITY POLICY # -3605-65-57DTO FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $2,000,000.00 |
| CHUBB OCEAN CARGO POLICY # -7907452 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $2,500,000.00 |
| CHUBB Property Policy # -3605-65-57DTO for period between - 11/8/2019 - 11/8/2020 | $60,200,000.00 |
| CHUBB UMBRELLA POLICY # -79836507 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $10,000,000.00 |
| CHUBB WORKERS COMPENSATION POLICY # -71776895 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $1,000,000.00 |
| GREAT AMERICAN CRIME POLICY # -SAA E546753 00 00 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $20,000,000.00 |
| GREAT AMERICAN K&R POLICY # -KR E546761 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $1,000,000.00 |
| HANOVER D&O POLICY # -LHE H101403 00 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $5,000,000.00 |
| HANOVER D&O POLICY # -LHE H101403 00 FOR PERIOD BETWEEN - 11/8/2020 - 5/8/2021 | $5,000,000.00 |
| LIBERTY MUTUAL EXCESS LIABILITY POLICY # -ECA (20) 60521598 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $25,000,000.00 |
| NFIP FLOOD - WAYNE NJ POLICY # -7405954384 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $500,000.00 |
| STARR D&O POLICY # -1000622117191 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $9,000,000.00 |
| STARR D&O POLICY # -1000622117191 FOR PERIOD BETWEEN - 11/8/2020 - 5/8/2021 | $9,000,000.00 |
| TOKIO MARINE D&O POLICY # -14-MGU-19-A48143 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $3,000,000.00 |
| TOKIO MARINE D&O POLICY # -14-MGU-19-A48143 FOR PERIOD BETWEEN - 11/8/2020 - 5/8/2021 | $3,000,000.00 |
| UNDERWRITERS AT LLOYD'S  ACTIVE ASSAILANT POLICY # -B0507TE1909006 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $5,000,000.00 |
| Underwriters at Lloyd's  DIC Earthquake Policy # -EQP-001882-00 for period between - 11/8/2019 - 11/8/2020 | $8,871,000.00 |
| UNDERWRITERS AT LLOYD'S  JEWELERS BLOCK POLICY # -B0507SP1901878 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $13,409,000.00 |
| UNDERWRITERS AT LLOYD'S  STAND ALONE TERRORISM POLICY # -B0507TE1900508 FOR PERIOD BETWEEN - 11/8/2019 - 11/8/2020 | $25,000,000.00 |
| Western World Insurance Company DIC Flood Policy # -BRB0005955 for period between - 11/8/2019 - 11/8/2020 | $2,500,000.00 |
| **TOTAL:** | **$320,980,000.00** |

**Fill in this information to identify the case:**

Debtor name: Le Tote, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number: 20-33332

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

| Part 1: | List Creditors Who Have Claims Secured by Property |
|---|---|

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1**

WELLS FARGO, NATIONAL
ASSOCIATION
125 HIGH STREET
11TH FLOOR
BOSTON, MA 02110

**Date debt was incurred?**
NOV 8, 2019

**Last 4 digits of account number**
N/A

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including this creditor, and its relative priority.
SENIOR SECURED - FIRST PRIORITY

**Describe debtor's property that is subject to the lien:**
ALL ASSETS EXCLUDING CONSIGNMENT COLLATERAL

**Describe the lien**
ABL CREDIT AGREEMENT

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

| | $77,205,053.25 | UNKNOWN |

Debtor    Le Tote, Inc.
Name

Case number *(if known)* 20-33332

| | | |
|---|---|---|

**2.2**

OFI CARLYLE PRIVATE CREDIT FUND
520 MADISON AVENUE
40TH FLOOR
NEW YORK, NY 10022

**Date debt was incurred?**
NOV 8, 2019

**Last 4 digits of account number**
N/A

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including this creditor, and its relative priority.
SENIOR SECURED - SECOND PRIORITY

**Describe debtor's property that is subject to the lien:**
ALL ASSETS EXCLUDING CONSIGNMENT COLLATERAL

**Describe the lien**
TERM LOAN CREDIT AGREEMENT

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$31,546,159.72     UNKNOWN

---

**2.3**

HBC US PROPCO HOLDINGS LLC
225 LIBERTY STREET
31ST FLOOR
NEW YORK, NY 10281

**Date debt was incurred?**
NOV 8, 2019

**Last 4 digits of account number**
N/A

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Specify each creditor, including this creditor, and its relative priority.
SENIOR SECURED - THIRD PRIORITY

**Describe debtor's property that is subject to the lien:**
ALL ASSETS EXCLUDING CONSIGNMENT COLLATERAL

**Describe the lien**
APA SELLER NOTE

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$30,420,811.04     UNKNOWN

---

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$139,172,024.01

**Part 2:**  **List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 OTTERBOURG P.C.<br>ATTENTION : DAVID W. MORSE AND DAVID J. IMPASTATO<br>230 PARK AVENUE<br>NEW YORK, NY 10169 | 2.1 | N/A |
| 3.2 CHOATE HALL & STEWART LLP<br>ATTENTION: KEVIN J. SIMARD AND JENNIFER CONWAY FENN<br>TWO INTERNATIONAL PLACE<br>BOSTON, MA 02110 | 2.2 | N/A |
| 3.3 WILLKIE FARR & GALLAGHER LLP<br>ATTENTION:  JOHN C. LONGMIRE AND WESTON T. EGUCHI<br>787 SEVENTH AVE.<br>NEW YORK, NY 10119 | 2.3 | N/A |

**Fill in this information to identify the case:**

Debtor name: Le Tote, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number: 20-33332

☐ Check if this is an
amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

| 2.1 | | | |
|---|---|---|---|
| ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION, NEXUS AND DISCOVERY UNIT LITTLE ROCK, AK 72201 | **As of the petition filing date, the claim is:** *Check all that apply.* ☑ Contingent ☑ Unliquidated ☑ Disputed | TBD | UNKNOWN |
| **Date or dates debt was incurred** | **Basis for the claim:** TAX | | |
| **Last 4 digits of account number** | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( **8** ) | | | |

| 2.2 | | | |
|---|---|---|---|
| BRIAN HOKE ADDRESS ON FILE | **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $405,000.00 | $13,650.00 |
| **Date or dates debt was incurred** | **Basis for the claim:** SEVERANCE | | |
| **Last 4 digits of account number** | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( **8** ) | | | |

Debtor  Le Tote, Inc.
Name

Case number *(if known)* 20-33332

| | As of the petition filing date, the claim is: | | |
|---|---|---|---|

**2.3**

CALIFORNIA DEPARTMENT OF TAX AND FEE
ADMINISTRATION
121 SPEAR STREET, SUITE 460
SAN FRANCISCO, CA 94120

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:** TBD    UNKNOWN
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
TAX

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.4**

CITY OF STOCKTON - FINAR
PO BOX 2107
STOCKTON, CA 95201

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:** TBD    $469.71
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
TAX

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.5**

GEORGIA DEPARTMENT OF REVENUE
AUDITS DIVISION
1800 CENTURY BLVD
NE SUITE 18100
ATLANTA , GA 30345-3205

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:** $412,228.99    UNKNOWN
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
TAX

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.6**

JANA BEISWENGER
ADDRESS ON FILE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:** $185,000.00    $13,650.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SEVERANCE

**Is the claim subject to offset?**
☑ No
☐ Yes

**2.7**

RUTH HARTMAN
ADDRESS ON FILE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( **8** )

As of the petition filing date, the claim is:    $690,000.00    $13,650.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
SEVERANCE

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**2.8**

SAN FRANCISCO TAX COLLECTOR
PO BOX 7427
SAN FRANCISCO, CA 94120-7425

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( **8** )

As of the petition filing date, the claim is:    TBD    $281.26
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
TAX

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**2.9**

TED LI
ADDRESS ON FILE

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _ )

As of the petition filing date, the claim is:    $812,500.00    $13,650.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
SEVERANCE

**Is the claim subject to offset?**

☑ No

☐ Yes

---

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1**

ACOCELLA LANDSCAPING LTD, 68 GAYLOR ROAD, SCARSDALE, NY 10583

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $1,599.99
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

Debtor   Le Tote, Inc.
Name

Case number (if known) 20-33332

3.2

AFCO, 5600 NORTH RIVER RD, ROSEMONT, IL 60018

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $124,879.65
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.3

ALEXIA ADMORE FRENCH DESIGNER GROUP LTD, 1385
BROADWAY, SUITE 310, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $660.30
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.4

ALVAREZ & MARSAL PRIVATE EQUITY PERFORMANCE
IMPROVEMENT GROUP, LLC, 600 MADISON AVENUE, 8TH FLOOR,
NEW YORK, NY 10022

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $828,744.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.5

AMANDA UPRICHARD, 225 WEST 35TH STREET, 10TH FLOOR, NEW
YORK, NY 10001

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $12,558.69
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.6

AMAZON CAPITAL SERVICES, PO BOX 035184, SEATTLE, WA
98124-5184

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $71.06
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.7

AMPLITUDE, 631 HOWARD STREET, 5TH FLOOR, SAN FRANCISCO,
CA 94105

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $4,583.37
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.8

APPARELINE INC., 231 WEST 39TH ST , STE 704, NEW YORK, NY
10018

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $5,767.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.9

ARSENAL VENTURE PARTNERS, 100 PARK AVE, #31, NEW YORK,
NY 10017

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $1,838.07
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

Debtor    Le Tote, Inc.

Name

Case number *(if known)* 20-33332

**3.10**

AWESOME OS, INC., 8605 SANTA MONICA BLVD, #30540, LOS ANGELES, CA 90069

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $27,952.44
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.11**

BADGLEY MISCHKA, 550 7TH AVE, 22ND FLOOR, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $2,264.50
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.12**

BLAQUE LABEL, 225 WEST 35TH ST, NEW YORK, NY 10001

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $7,020.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.13**

BOUNCE EXCHANGE INC., 137 VARICK STREET, 2ND FLOOR, NEW YORK, NY 10013

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $204,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

Debtor   Le Tote, Inc.
Name

Case number *(if known)* 20-33332

**3.14**

BRIAN HOKE, ADDRESS ON FILE

**Date or dates debt was incurred**

N/A

As of the petition filing date, the claim is:                     $391,350.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.15**

BRIGHTVIEW LANDSCAPES LLC, 980 JOLLY ROAD, SUITE 300, BLUEBELL, PA 19422

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                     $436.14
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.16**

CALIFORNIA CHAMBER OF COMMERCE, P.O. BOX 398336, SAN FRANCISCO, CA 94139-8336

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                     $368.90
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.17**

CENTRAL NATIONAL-GOTTESMAN INC, P.O. BOX 100431, ATLANTA, GA 30384

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                     $9,303.12
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.18**

CENTRIC BRANDS INC, 350 5TH AVE, 6TH FLOOR, NEW YORK, NY 10118

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $5,500.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.19**

CERIDIAN HCM, INC., 3311 EAST OLD SHAKOPEE ROAD, MINNEAPOLIS, MN 55425

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $22,058.36
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.20**

CERTIFIKID, LLC, 9908 BLUEGRASS ROAD, ATTN JAMIE RATNER, POTOMAC, MD 20854

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $10,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.21**

CLASSPASS INC., 275 7TH AVENUE, 11TH FLOOR, NEW YORK, NY 10011

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $70.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

Debtor    Le Tote, Inc.
Name

Case number *(if known)* 20-33332

3.22

COMCAST, P.O. BOX 37601, PHILADELPHIA, PA 19101-0601

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                 $4,501.96
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.23

CONCENTRA, P.O. BOX 3700, RANCHO CUCAMONGA, CA 91729

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                 $266.88
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.24

CONVERSANT, 30699 RUSSELL RANCH ROAD, SUITE 250, WEST LAKE VILLAGE, CA 90017

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                 $7,988.96
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.25

COOPER CONTROLS, 3233 LANCE DR, STOCKTON, CA 95205

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                 $416.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.26

CP VI, LLC, 328 CIVIC CENTER DR, COLUMBUS, OH 43215-5087

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $44,338.93
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.27

CPX INTERACTIVE, 1441 BROADWAY , 18TH FLOOR, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $1,110.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.28

CSC CORPORATE DOMAINS, INC, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808-1674

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $85.03
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.29

CT CORPORATION, P.O. BOX 4349, CAROL STREAM, IL 60197-4349

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $1,075.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.30

DATASITE LLC, 733 S MARQUETTE AVE, UNIT 600, MINNEAPOLIS, MN 55402

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                $2,430.11
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.31

DELOITTE, 30 ROCKEFELLER PLAZA, NEW YORK, NY 10112

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                $151,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.32

DESTINATION MATERNITY, 232 STRAWBRIDGE DRIVE, MOORESTOWN, NJ 08057

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                $10,083.43
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.33

DOORDASH, INC., 901 MARKET STREET, SUITE 600, SAN FRANCISCO, CA 94103

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                $181.48
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

Debtor   Le Tote, Inc.
Name

Case number *(if known)* 20-33332

**3.34**

ELULUMAIL(ÖZGÜN AKAY), 19 W 24TH STREET, NEW YORK, NY 10010

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:   $1,300.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.35**

ERP LOGIC, LLC, 702 S DENTON TAP ROAD, SUITE 100, COPPELL, TX 75019

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:   $313,073.89
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.36**

FACEBOOK, INC., 15161 COLLECTIONS CENTER DRIVE, CHICAGO, IL 60693

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:   $220,693.50
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.37**

FEDEX (9384-6), P.O. BOX 7221, PASADENA, CA 91109-7321

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:   $254.96
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.38

FGL LABS, 853 CORPORATION ST, SANTA PAULA, CA 93060

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                     $258.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.39

FLEXPORT, LLC, P.O. BOX 207244, DALLAS, TX 75320-7244

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                 $7,550.47
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.40

FREE PEOPLE WHOLESALE, 5000 SOUTH BROAD STREET,
PHILADELPHIA, PA 19112

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                 $15,360.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.41

FRENCH CONNECTION, 512 SEVENTH AVE, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                 $16,407.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.42

FRIMAIR USA WEST INC. DBA ALAN YORDY EQUIP. CO., 4227
CARSON RD, CAMINO, CA 95709

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                $316.79
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.43

GEISTM, 6 E. 32ND ST, 8TH FLOOR, NEW YORK, NY 10016

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:              $24,477.35
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.44

GLASSDOOR, INC., 100 SHORELINE HWY, MILL VALLEY, CA 94941

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:               $2,343.75
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.45

GORJANA, 3275 LAGUNA CANYON RD , R1, LAGUNA BEACH, CA
92651

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:               $7,727.90
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.46

H HALSTON, 1333 BROADWAY, 10TH FLOOR, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $28,140.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.47

HA LOGISTICS, LLC, PO BOX 654010, DALLAS, TX 75265-4010

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $13,500.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.48

HCS ENGINEERING, INC, 4512 FEATHER DRIVER DRIVE, STE F, STOCKTON, CA 95219

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $3,600.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.49

HUB GLASS SERVICES INC, 216 MCGARTH HWY, SOMERVILLE, MA 02143

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $1,938.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.50

ISINGS CULLIGAN, PO BOX 1140, LIVERMORE, CA 94551-1140

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $267.45
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.51

ITERABLE, INC., 71 STEVENSON STREET, SUITE 300, SAN FRANCISCO, CA 94105

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $54,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.52

JANA BEISWENGER

**Date or dates debt was incurred**

N/A

As of the petition filing date, the claim is:    $171,350.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.53

KAM CONSULTING INC, 3582 FARMSTONE COURT, KANNAPOLIS, NC 28081

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $73,998.17
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.54

KIDPASS, INC., 335 MADISON AVENUE, SUITE 7D, NEW YORK, NY
10017

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $15,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.55

KLEEN-RITE, INC., 257 SOUTH 9TH ST, P.O. BOX 886, COLUMBIA, PA
17512

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $7,468.14
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.56

KW FASHION CORP, 37 WEST 37TH STREET, 11TH FLOOR, NEW
YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $2,311.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.57

LAUNCHSQUAD, 340 PINE STREET, SUITE 100, SAN FRANCISCO, CA
94104

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $449.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.58

LINKEDIN, 62228 COLLECTIONS CENTER DR, CHICAGO, IL 60693-0622

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $16,413.75
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.59

LIQUIDITY CAPITAL MANAGEMENT, 430 PARK AVENUE, 19TH FLOOR, NEW YORK, NY 10022

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $8,518,022.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.60

LIVEVOX, INC, 655 MONTGOMERY ST, SUITE 1000, SAN FRANCISCO, CA 94111

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $2,940.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.61

LK TECH, LLC, 2520 HARRIS AVENUE, CINCINNATI, OH 45212

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $127.80
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.62

LYFT, INC. NETSUITE, 185 BERRY ST, SUITE 5000, SAN FRANCISCO, CA 94107

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $792.18
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.63

MANAGED BY Q LLC, P.O. BOX 392222, PITTSBURG, PA 15251

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $3,334.27
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.64

MOSS ADAMS LLP, P.O. BOX 101822, PASADENA, CA 91189-1822

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $53,534.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.65

MOVABLE, INC., 1065 6TH AVE, 9TH FLOOR, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:    $15,000.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No

☐ Yes

3.66

NEUBERG GORE & ASSOCIATES LLC, 220 MONTGOMERY STREET,
STE 684, SAN FRANCISCO, CA 94014

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $20,950.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**


**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.67

NIKE USA, INC., P.O. BOX 846066, DALLAS, TX 75284-6066

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $10,503.98
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**


**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.68

NINE WEST HOLDINGS INC., P.O. BOX 277512, ATLANTA, GA 30384

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $3,292.70
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**


**Is the claim subject to offset?**

☑ No

☐ Yes

3.69

ON THE SPOT MEDIA LLC, 200B MEADOWLANDS PKWY, SECAUCUS, NJ 07094

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:** $240.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.70

PACIFIC OFFICE AUTOMATION INC., P.O. BOX 30310, LOS ANGELES, CA 90030-0310

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:** $3,074.32
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.71

PACIFIC SOUTHWEST CONTAINER, DEPT 44763 , P.O. BOX 44000, SAN FRANCISCO, CA 94144-4763

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:** $9,853.45
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.72

PEARACHUTE, 1564 N DAMEN AVE, STE 303, CHICAGO, IL 60622

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:** $6,955.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

**3.73**

PERFORMANCE TEAM LLC, 2240 E MAPLE AVE, EL SEGUNDO, CA 90245

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $590,190.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.74**

PINTEREST INC., PO BOX 74008066, CHICAGO, IL 60674-8066

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $16,258.48
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.75**

PRICEWATERHOUSECOOPERS LLP, P.O. BOX 514038, LOS ANGELES, CA 90051-4038

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $127,115.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**3.76**

PROLOGISTIX, PO BOX 91010, CHICAGO, IL 60680

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $91,692.20
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.77

RACHEL RACHEL ROY, 601 S. FIGUEROA ST, 29TH FLOOR, LOS ANGELES, CA 90017

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**  $7,612.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.78

RAGNAROK INC, 336 W 37TH STREET, #630, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**  $850.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.79

RAKUTEN MARKETING LLC, 6985 UNION PARK CENTER, SUITE 300, SALT LAKE CITY, UT 84047

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**  $85,828.75
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.80

RANDIK PAPER COMPANY, P.O. BOX 4004, MODESTO, CA 95352

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**  $945.14
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

Debtor  Le Tote, Inc.
Name

Case number *(if known)* 20-33332

**3.81**

RAVETTICOMAPNY, DEPT LA, 23232, PASADENA, CA 91185

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:   $195.46
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.82**

REFLEKTIVE, INC., DEPT LA 24458, PASADENA, CA 91185-4458

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:   $2,214.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.83**

R-PAC INTERNATIONAL CORP., 132 WEST 36TH ST, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:   $16,557.39
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.84**

RUTH HARTMAN, ADDRESS ON FILE

**Date or dates debt was incurred**

N/A

As of the petition filing date, the claim is:   $676,350.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.85**

S. ROTHSCHILD & CO INC, 1407 BROADWAY, 10TH FLOOR, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:** $11,204.70
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.86**

SALTY, INC., 499 SEVENTH AVE , 8TH FLOOR, NEW YORK, NY 10018

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:** $152.97
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.87**

SBS LEASING, P.O. BOX 41602, PHILADELPHIA, PA 19101-1602

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:** $579.28
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.88**

SDI INDUSTRIES, INC, 13000 PIERCE STREET, PACOIMA, CA 91331

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:** $122,205.37
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.89

SF PARTY, 939 POST STREET, SAN FRANCISCO, CA 94109

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $60.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.90

SHARP, DEPT LA 21510, PASADENA, CA 91185

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $555.42
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.91

SHRED-IT USA, 23166 NETWORK PLACE, CHICAGO, IL 60673-1252

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $127.56
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.92

SOUND COMMUNICATIONS, INC., 3474 PARK STREET, GROVE CITY, OH 43123

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                    $31,450.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.93

STAFFOGEN LLC, 675 N. FIRST ST, STE 700, SAN JOSE, CA 95112

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                      $26,276.25
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.94

STEPTOE & JOHNSON LLP, 1330 CONNECTICUT AVENUE,
WASHINGTON D.C., DC 20036

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                      $3,086.07
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.95

SUNSTATE EQUIPMENT CO., P.O. BOX 52581, PHOENIX, AZ 85072-
2581

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                      $1,066.92
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

3.96

SUPERME LLC, 1030 15TH STREET, NWUB1 SUITE 373,
WASHINGTON, DC 20005

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                      $383.50
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No

☐ Yes

Debtor    Le Tote, Inc.
Name

Case number *(if known)* 20-33332

3.97

SWAY VENTURES MANAGEMENT LLC, 1268 PROSPECT STREET, LA JOLLA, CA 92037

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $341.34
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.98

TALKDESK, INC., 535 MISSION ST, SAN FRANCISCO, CA 94105

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $16,877.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.99

TAPJOY INC, 353 SACRAMENTO ST, 6TH FLOOR, SAN FRANCISCO, CA 94111

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $21,604.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.100

TART COLLECTIONS, PO BOX 8421, PASADENA, CA 91109-8421

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**    $12,698.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.101

TED LI, ADDRESS ON FILE

**Date or dates debt was incurred**

N/A

As of the petition filing date, the claim is:                                    $798,850.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.102

THE POWELL COMPANIES REAL, LLC, P.O. BOX 88926, CHICAGO, IL
60695

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                                    $2,833.1
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.103

TRACKIN, CO DBA MOBY DISH, 2415 3RD STREET, SUITE 231, SAN
FRANCISCO, CA 94107

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                                    $2,088.87
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.104

TRUSTPILOT INC., 245 FIFTH AVE, 5TH FLOOR, NEW YORK, NY
10016

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                                    $4,500.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.105

UNCAS INTERNATIONAL, 1600 DIVISION RD WEST, WARWICK, RI
02893

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                    $66.25
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.106

UNITED CLEANERS SUPPLY, 1676 DELTA CT, HAYWARD, CA 94544

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                    $584.15
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.107

UPS, P.O. BOX 894820, LOS ANGELES, CA 90189-4820

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                    $115.04
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.108

US HEALTH WORKS, P.O. BOX 50042, LOS ANGELES, CA 90074

**Date or dates debt was incurred**
VARIOUS

N/A

**As of the petition filing date, the claim is:**                                    $260.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☑ No

☐ Yes

3.109

VENSOURCE CAPITAL, 24 DANBURY RD, #2, WILTON, CT 06897

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $1,173.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.110

VILLAGE OF OBETZ, 4175 ALUM CREEK DR, OBETZ, OH 43207

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $9,391.85
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.111

VINCE CAMUTO LLC (ACCESSORIES), 3451 BONITA BAY BLVD,
SUITE 200, BONITA SPRINGS, FL 34134

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $19,678.75
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

---

3.112

VINCE CAMUTO MISSY(CIT), P.O. BOX 1036, CHARLOTTE, NC
28201

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $16,259.37
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☑ No

☐ Yes

3.113

WATERLOGIC WEST, INC., P.O. BOX 31001-2417, PASADENA, CA 91110-2417

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $3,724.18
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No
☐ Yes

3.114

WILSON SONSINI GOODRICH & ROSATI, P.O. BOX 742866, LOS ANGELES, CA 90074

**Date or dates debt was incurred**
VARIOUS

N/A

As of the petition filing date, the claim is:                    $52,150.55
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---------|---------------------------------------------------|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|--------------------------|---------------------------------------------------------------------------|-----------------------------------------|
| 4.1. MORRISON & FORESTER LLP<br>ATTENTION: MURRAY A. INDICK<br>425 MARKET STREET<br>SAN FRANCISCO, CA 94105 | Line<br><br>☐ Not listed. Explain | N/A |

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  | Total of claim amounts |
|--|------------------------|
| 5a. **Total claims from Part 1** | 5a. $55,350.97 |
| 5b. **Total claims from Part 2** | 5b. $14,307,474.10 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $14,362,825.07 |

| Fill in this information to identify the case: |
| --- |
| Debtor name: Le Tote, Inc. |
| United States Bankruptcy Court for the: Eastern District of Virginia |
| Case number: 20-33332 |

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- |
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | RETENTION AGREEMENT | ADAM ROWE, 250 VESEY STREET, NEW YORK, NY 10281 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | INSURANCE | AFCO, 14 WALL ST., STE. 8A-19, NEW YORK, NY 10005 |
| | State the term remaining | 1 MONTH | |
| | List the contract number of any government contract | N/A | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | SOFTWARE | AMAZON WEB SERVICES, INC., 410 TERRY AVENUE NORTH, SEATTLE, WA 98109-5210 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | OUTSOURCED CUSTOMER SERVICE | AWESOME OS, INC., 8605 SANTA MONICA BLVD #30540, LOS ANGELES, CA 90069 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | THIRD PARTY ADMINISTRATOR | BENEFIT EXPRESS, 1700 E GOLF ROAD, SUITE 600, SCHAUMBERG, IL 60173 |
| | State the term remaining | 42 MONTHS | |
| | List the contract number of any government contract | N/A | |

| 2.6 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | BOUNCE EXCHANGE INC. / WUNDERKIND CORPORATION, 1 WORLD TRADE CENTER, FLOOR 74, NEW YORK, NY 10007 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.7 | State what the contract or lease is for and the nature of the debtor's interest | PAYMENT PROCESSOR (MOBILE & WEB) | BRAINTREE, 222 W MERCHANDISE MART PLAZA, SUITE 800, CHICAGO, IL 60654 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.8 | State what the contract or lease is for and the nature of the debtor's interest | RETENTION AGREEMENT | BRETT NORTHART, 250 VESEY STREET, NEW YORK, NY 10281 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.9 | State what the contract or lease is for and the nature of the debtor's interest | GENERAL LIABILITY CARRIER | BROADSPIRE, 898 VETERANS MEMORIAL HWY # 410, HAUPPAUGE, NY 11788 |
| | State the term remaining | 5 MONTHS | |
| | List the contract number of any government contract | N/A | |

| 2.10 | State what the contract or lease is for and the nature of the debtor's interest | LEASE AGREEMENT | CENTRAL VALLEY INDUSTRIAL CORE HOLDINGS LLC, C/O BUZZ OATES MANAGEMENT SERVICES, 555 CAPITOL MALL, SUITE 900, SACRAMENTO, CA 95814 |
| | State the term remaining | 28 MONTHS | |
| | List the contract number of any government contract | N/A | |

| | | |
|---|---|---|
| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest** | SOFTWARE (HR, PAYROLL) |
| | | CERIDIAN HCM, INC. , 3311 EAST OLD SHAKOPEE ROAD, MINNEAPOLIS, MN 55425 |
| | **State the term remaining** | 24 |
| | **List the contract number of any government contract** | N/A |

| | | |
|---|---|---|
| 2.12 | **State what the contract or lease is for and the nature of the debtor's interest** | BILLING SERVICES SOFTWARE |
| | | CHARGIFY, 122 EAST HOUSTON STREET, SUITE 105, SAN ANTONIO, TX 78205 |
| | **State the term remaining** | N/A |
| | **List the contract number of any government contract** | N/A |

| | | |
|---|---|---|
| 2.13 | **State what the contract or lease is for and the nature of the debtor's interest** | RETENTION AGREEMENT |
| | | CHARLIE BOWMAN, 250 VESEY STREET, NEW YORK, NY 10281 |
| | **State the term remaining** | N/A |
| | **List the contract number of any government contract** | N/A |

| | | |
|---|---|---|
| 2.14 | **State what the contract or lease is for and the nature of the debtor's interest** | WORK COMP CARRIER |
| | | CHUBB, 15 MOUNTAINVIEW RD, WARREN, NJ 07059 |
| | **State the term remaining** | 5 MONTHS |
| | **List the contract number of any government contract** | N/A |

| | | |
|---|---|---|
| 2.15 | **State what the contract or lease is for and the nature of the debtor's interest** | MEDICAL/DENTAL CARRIER |
| | | CIGNA, 900 COTTAGE GROVE ROAD, BLOOMFIELD, CT 06002 |
| | **State the term remaining** | 5 MONTHS |
| | **List the contract number of any government contract** | N/A |

| | | |
|---|---|---|
| 2.16 | **State what the contract or lease is for and the nature of the debtor's interest** | RETENTION AGREEMENT |
| | | DAN MICKELSON, 250 VESEY STREET, NEW YORK, NY 10281 |
| | **State the term remaining** | N/A |
| | **List the contract number of any government contract** | N/A |

| 2.17 | **State what the contract or lease is for and the nature of the debtor's interest** | TAX SERVICES | DELOITTE TAX LLP,  200 BERKELEY ST, 10TH FLOOR, BOSTON, MA 02116 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.18 | **State what the contract or lease is for and the nature of the debtor's interest** | SOFTWARE | DROPBOX, 50 W 23RD ST, NEW YORK, NY 10010 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.19 | **State what the contract or lease is for and the nature of the debtor's interest** | RETENTION AGREEMENT | ED KREMER, 250 VESEY STREET, NEW YORK, NY 10281 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.20 | **State what the contract or lease is for and the nature of the debtor's interest** | SOFTWARE LICENSE | ERP LOGIC LLC, 702 N DENTON TAP ROAD , SUITE #100, COPPELL, TX 75019 |
| | **State the term remaining** | 54 MONTHS | |
| | **List the contract number of any government contract** | N/A | |

| 2.21 | **State what the contract or lease is for and the nature of the debtor's interest** | CONSULTING | FILICE, 738 NORTH FIRST STREET, SAN JOSE, CA 95112 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.22 | **State what the contract or lease is for and the nature of the debtor's interest** | TSA | HBC US PROPCO HOLDINGS, 225 LIBERTY STREET, 31ST FLOOR, NEW YORK, NY 10281 |
| | **State the term remaining** | 5 MONTHS | |
| | **List the contract number of any government contract** | N/A | |

| 2.23 | State what the contract or lease is for and the nature of the debtor's interest | MARKETING | ITERABLE, 71 STEVENSON ST, #300, SAN FRANSISCO, CA 94105 |
|---|---|---|---|
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.24 | State what the contract or lease is for and the nature of the debtor's interest | MEDICAL PLAN - CORPORATE | KAISER FOUNDATION HEALTH PLAN, 393 E WALNUT STREET, PASADENA, CA 91188 |
|---|---|---|---|
| | State the term remaining | 5 MONTHS | |
| | List the contract number of any government contract | N/A | |

| 2.25 | State what the contract or lease is for and the nature of the debtor's interest | INDEPENDENT IT CONTRACTOR | KAM CONSULTING, DBA CLEARCOURSE CONSULTING, 3582 FARMSTONE COURT, KANNAPOLIS, NC 28081 |
|---|---|---|---|
| | State the term remaining | 5 MONTHS | |
| | List the contract number of any government contract | N/A | |

| 2.26 | State what the contract or lease is for and the nature of the debtor's interest | DEL TORO CONSIGNMENT AGREEMENT | LA FATTORIA LLC, 2 NORTH 6TH STREET, #15D, BROOKLYN, MA 11249 |
|---|---|---|---|
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.27 | State what the contract or lease is for and the nature of the debtor's interest | INVESTOR RIGHTS AGREEMENT | LE TOTE INVESTORS, 3130 20TH STREET, SUITE 225, SAN FRANSISCO, CA 94110 |
|---|---|---|---|
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.28 | State what the contract or lease is for and the nature of the debtor's interest | RIGHT OF FIRST REFUSAL AND CO-SALE | LE TOTE INVESTORS, 3130 20TH STREET, SUITE 225, SAN FRANSISCO, CA 94110 |
|---|---|---|---|
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.29 | **State what the contract or lease is for and the nature of the debtor's interest** | VOTING AGREEMENT | LE TOTE INVESTORS, 3130 20TH STREET, SUITE 225, SAN FRANSISCO, CA 94110 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.30 | **State what the contract or lease is for and the nature of the debtor's interest** | CUSTOMER SERVICE SOFTWARE | LIVEVOX, INC, 655 MONTGOMERY STREET, SUITE 1000, SAN FRANSISCO, CA 94111 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.31 | **State what the contract or lease is for and the nature of the debtor's interest** | DATABASE SOFTWARE | LOOKER, 40 W 25TH ST, NEW YORK, NY 10010 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.32 | **State what the contract or lease is for and the nature of the debtor's interest** | CONSIGNMENT AGREEMENT | MARIMED HEMP INC, 10 OCEANA WAY, FLOOR 2 , NORWOOD, MA 02062 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.33 | **State what the contract or lease is for and the nature of the debtor's interest** | RETENTION AGREEMENT | MATT KREUGER, 250 VESEY STREET, NEW YORK, NY 10281 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.34 | **State what the contract or lease is for and the nature of the debtor's interest** | LIFE INSURANCE | METLIFE , 200 PARK AVENUE, NEW YORK, NY 10166 |
| | **State the term remaining** | 5 MONTHS | |
| | **List the contract number of any government contract** | N/A | |

Debtor    Le Tote, Inc.    Case number *(if known)* 20-33332
Name

| 2.35 | **State what the contract or lease is for and the nature of the debtor's interest** | RETENTION AGREEMENT | MICHAEL O VAN DEN BERG, 250 VESEY STREET, NEW YORK, NY 10281 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.36 | **State what the contract or lease is for and the nature of the debtor's interest** | BOARD OF DIRECTORS MONTHLY FEES | MRSAKAHN, LLC, 36 BRUSH HILL ROAD, NEWTON, MA 02461 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.37 | **State what the contract or lease is for and the nature of the debtor's interest** | HSA/FSA/COBRA ADMINISTRATION | NAVIA BENEFIT SOLUTIONS INC, 600 NACHES AVENUE SW, RENTON, WA 98057 |
| | **State the term remaining** | 2 MONTHS | |
| | **List the contract number of any government contract** | N/A | |

| 2.38 | **State what the contract or lease is for and the nature of the debtor's interest** | EMPLOYEE ASSISTANCE PROGRAM | OPTUM, 11000 OPTUM CIRCLE, EDEN PRAIRIE, MN 55344 |
| | **State the term remaining** | 5 MONTHS | |
| | **List the contract number of any government contract** | N/A | |

| 2.39 | **State what the contract or lease is for and the nature of the debtor's interest** | BOARD OF DIRECTORS MONTHLY FEES | PAMELA CORRIE LLC, 400 OLD SIB ROAD, RIDGEFIELD, CT 06877 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.40 | **State what the contract or lease is for and the nature of the debtor's interest** | STOCKTON DC LEASE | PW FUND B, LP, 555 CAPITOL MALL, SUITE 900, SACRAMENTO, CA 95814 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | N/A | |

| 2.41 | State what the contract or lease is for and the nature of the debtor's interest | RETENTION AGREEMENT | RAKESH TONDON, 250 VESEY STREET, NEW YORK, NY 10281 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.42 | State what the contract or lease is for and the nature of the debtor's interest | LTD AND STATE PLAN(S) ADMIN | RELIANCE STANDARD LIFE INSURANCE COMPANY, 2001 MARKET STREET, SUITE 1500, PHILADEPHIA, PA 19103 |
| | State the term remaining | 5 MONTHS | |
| | List the contract number of any government contract | N/A | |

| 2.43 | State what the contract or lease is for and the nature of the debtor's interest | CONSULTING (HR) | RGP, 17101 ARMSTRONG AVENUE, SUITE 100, IRVINE, CA 92614 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.44 | State what the contract or lease is for and the nature of the debtor's interest | RETENTION AGREEMENT | ROBERT WEHRLE, 250 VESEY STREET, NEW YORK, NY 10281 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

| 2.45 | State what the contract or lease is for and the nature of the debtor's interest | 250 VESEY DESK SHARING ARRANGEMENT | SAKS & COMPANY LLC, 12 EAST 49TH STREET, NEW YORK, NY 10017 |
| | State the term remaining | 3 YEARS FROM COMMENCEMENT DATE | |
| | List the contract number of any government contract | N/A | |

| 2.46 | State what the contract or lease is for and the nature of the debtor's interest | SAP CLOUD SERVICES SCHEDULE | SAP AMERICA INC, 399 WEST CHESTER PIKE, NEWTON SQUARE, PA 19073 |
| | State the term remaining | N/A | |
| | List the contract number of any government contract | N/A | |

**2.47**  **State what the contract or lease is for and the nature of the debtor's interest**    DATABASE SOFTWARE

SEGMENT, 100 CALIFORNIA ST., SUITE 700, SAN FRANSISCO, CA 94111

**State the term remaining**    N/A

**List the contract number of any government contract**    N/A

**2.48**  **State what the contract or lease is for and the nature of the debtor's interest**    MEDICAL PLAN - STOCKTON

SUTTER HEALTH PLAN, 2880 GATEWAY OAKS DRIVE, SUITE 1500, SACRAMENTO, CA 95833

**State the term remaining**    2 MONTHS

**List the contract number of any government contract**    N/A

**2.49**  **State what the contract or lease is for and the nature of the debtor's interest**    ADVERTISING AGENCY

T2 ADVERTISING INC, 3545 WATERCHASE WAY WEST, JACKSONVILLE, FL 32224

**State the term remaining**    0 MONTHS

**List the contract number of any government contract**    N/A

**2.50**  **State what the contract or lease is for and the nature of the debtor's interest**    STD/LTD COVERAGE FOR CORPORATE ASSOCIATES, ACCIDENT INSURANCE

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, 7 HANOVER SQUARE, NEW YORK, NY 10004

**State the term remaining**    2 MONTHS

**List the contract number of any government contract**    N/A

**2.51**  **State what the contract or lease is for and the nature of the debtor's interest**    MARKETING

TRUSTPILOT, 245 FIFTH AVENUE, NEW YORK, NY 10016

**State the term remaining**    N/A

**List the contract number of any government contract**    N/A

**2.52**  **State what the contract or lease is for and the nature of the debtor's interest**    SHIPPING

USPS, 900 BRENTWOOD ROAD N.E., WASHINGTON, DC 20066

**State the term remaining**    N/A

**List the contract number of any government contract**    N/A

| | | |
|---|---|---|
| 2.53 | State what the contract or lease is for and the nature of the debtor's interest | VISION CARRIER |
| | | VSP, 3333 QUALITY DR., RANCHO CORDOVA, CA 95670 |
| | State the term remaining | 5 MONTHS |
| | List the contract number of any government contract | N/A |
| | | |
| 2.54 | State what the contract or lease is for and the nature of the debtor's interest | CUSTOMER SERVICE SOFTWARE |
| | | ZENDESK, 1019 MARKET ST, SAN FRANSISCO, CA 94103 |
| | State the term remaining | N/A |
| | List the contract number of any government contract | N/A |
| | | |
| 2.55 | State what the contract or lease is for and the nature of the debtor's interest | PRINTERS (STOCKTON DC) |
| | | ZOJIO TECHNOLOGIES, 47000 WARM SPRINGS, BLVD #187, FREMONT , CA 94539 |
| | State the term remaining | N/A |
| | List the contract number of any government contract | N/A |

---

**Fill in this information to identify the case:**

Debtor name: Le Tote, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number: 20-33332

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1  LE TOTE, LLC | LE TOTE, LLC<br>250 VESEY STREET<br>22ND FLOOR<br>NEW YORK, NY 10281 | HBC US PROPCO HOLDINGS LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2  LE TOTE, LLC | LE TOTE, LLC<br>250 VESEY STREET<br>22ND FLOOR<br>NEW YORK, NY 10281 | WELLS FARGO, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.3  LE TOTE, LLC | LE TOTE, LLC<br>250 VESEY STREET<br>22ND FLOOR<br>NEW YORK, NY 10281 | OFI CARLYLE PRIVATE CREDIT FUND | ☑ D<br>☐ E/F<br>☐ G |
| 2.4  LORD & TAYLOR LLC | LORD & TAYLOR LLC<br>250 VESEY STREET<br>22ND FLOOR<br>NEW YORK, NY 10281 | HBC US PROPCO HOLDINGS LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.5  LORD & TAYLOR LLC | LORD & TAYLOR LLC<br>250 VESEY STREET<br>22ND FLOOR<br>NEW YORK, NY 10281 | WELLS FARGO, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |

2.6 LORD & TAYLOR LLC

LORD & TAYLOR LLC
250 VESEY STREET
22ND FLOOR
NEW YORK, NY 10281

OFI CARLYLE PRIVATE CREDIT FUND

☑ D
☐ E/F
☐ G

2.7 FRENCH TOTE LLC

FRENCH TOTE LLC
250 VESEY STREET
22ND FLOOR
NEW YORK, NY 10281

HBC US PROPCO HOLDINGS LLC

☑ D
☐ E/F
☐ G

2.8 FRENCH TOTE LLC

FRENCH TOTE LLC
250 VESEY STREET
22ND FLOOR
NEW YORK, NY 10281

WELLS FARGO, NATIONAL ASSOCIATION

☑ D
☐ E/F
☐ G

2.9 FRENCH TOTE LLC

FRENCH TOTE LLC
250 VESEY STREET
22ND FLOOR
NEW YORK, NY 10281

OFI CARLYLE PRIVATE CREDIT FUND

☑ D
☐ E/F
☐ G

2.10 LT CARD COMPANY LLC

LT CARD COMPANY LLC
250 VESEY STREET
22ND FLOOR
NEW YORK, NY 10281

HBC US PROPCO HOLDINGS LLC

☑ D
☐ E/F
☐ G

2.11 LT CARD COMPANY LLC

LT CARD COMPANY LLC
250 VESEY STREET
22ND FLOOR
NEW YORK, NY 10281

WELLS FARGO, NATIONAL ASSOCIATION

☑ D
☐ E/F
☐ G

2.12 LT CARD COMPANY LLC

LT CARD COMPANY LLC
250 VESEY STREET
22ND FLOOR
NEW YORK, NY 10281

OFI CARLYLE PRIVATE CREDIT FUND

☑ D
☐ E/F
☐ G

Fill in this information to identify the case:

Debtor name: Le Tote, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number: 20-33332

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

8/30/2020
_____        _____
Executed on                                                    Signature of individual signing on behalf of debtor
                                                                       Dan Mickelson
                                                                       _____
                                                                       Printed name
                                                                       Chief Financial Officer
                                                                       _____
                                                                       Position or relationship to debtor